IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIO TUNCHEZ,<br>Petitioner-Defendant<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent-Plaintiff<br>(CR B-98-158) | §<br>§<br>§<br>§  CA B-02-098<br>§<br>§<br>§<br>§ |

<u>GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT</u>

1.

On May 22, 2002, the court ordered the Government to respond to Petitioner's, Mario Tunchez (hereinafter referred to as Tunchez), 28 U.S.C. §2255 motion filed on May 13, 2002 by July 22, 2002. The Government moves to dismiss and, in the alternative, moves for summary judgment.

2.

Tunchez was charged with Danny Lin Maccune ("Maccune") and Miguel Angel Ramirez ("Ramirez") in an indictment on March 11, 1998, with one count of conspiracy to possess with intent to distribute 648 kilograms of marihuana and 103 kilograms of cocaine in violation of 21 U.S.C. §§846 and 841(b)(1)(A) (count 1); and with one count of possession with intent to distribute 648 kilograms of marihuana and 103 kilograms of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A) (count 2) (DOC 1).

A jury was selected for both Maccune and Tunchez on May 4, 1998 (DOC 34). On May 6, 1998, Maccune plead guilty (outside the presence of the jury)(DOC

35). The actual trial began on May 12, 1998 (DOC 40). On May 13, 1998, the jury found Tunchez guilty of both counts in the indictment. On July 22, 1998, the district court sentenced Tunchez to three hundred sixty (360) months in the custody of the Bureau of Prisons on counts 1 and 2 to be served concurrently; five years supervised release; no fine; and a $200.00 mandatory special assessment (DOC 65). On August 7, 1998, the judgment was entered (DOC 70). Tunchez timely directly appealed his conviction, complaining that co-defendant Maccune's testimony about Maccune's guilty plea impermissibly suggested that Tunchez was also guilty, that a limiting instruction was not given, and that the jury was tainted by Maccune's previous appearance before them as co-defendant during voir dire. On February 1, 2001, the mandate was issued affirming Tunchez' conviction and sentence (DOC. 106). On May 29, 2001, Tunchez' petition for certiorari was denied (DOC. 108). The judgment, thus, became final on May 29, 2001. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000); *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001).

On May 13, 2002, Tunchez filed the instant motion under 28 U.S.C. §2255 (DOC 117). On May 28, 2002, the Court ordered the government to respond to Tunchez' §2255 petition by July 22, 2002.

3.

Tunchez' §2255 pleading is timely. On April 24, 1996, a one-year period of limitation was placed upon the filing of motions under §2255. The one-year period runs from the date the judgment of conviction becomes final. Tunchez'

ability to file such motion expired on May 29, 2002 (one year after the Supreme Court denied his petition for certiorari). *Thomas*, 203 F.3d at 355.

4.

The Government denies each and every allegation of fact made by Tunchez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

5.

Tunchez describes his instant claim as "interwoven and interrelated to the sole issue consistently raised on direct appeal and in the Petition for Certiorari ... namely, the violation of his due process rights for the following reasons: the same purportedly unbiased jury panel that was to try the defendant witnessed without contemporaneous instruction [re:] the change in plea of the co-defendant, thus undermining the credibility of the validity of the petitioner's plea of not guilty and thereby lowering the burden of proof for the government". (Petitioner's motion p. 6). This raises the question, whether the instant claim is foreclosed under 'the law of the case'. Tunchez brought the same essential claim on direct appeal and on Certiorari. This Court is foreclosed from re-visiting the claims Tunchez brought and which were decided on direct appeal or in his Petition for Certiorari. *United States v. Erwin*, 277 F.3d 727, 733 (5th Cir. 2001); *United States v. Becerra*, 155 F.3d 740, 752-753 (5th Cir. 1998)('law of the case' precludes district court from re-examining issue decided on direct appeal). *United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir.1999). "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same

3

case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). However, "unlike res judicata, the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Amer.*, 272 F.3d 276, 279 (5th Cir.2001). "[T]he law of the case doctrine ... prevents a district court on remand from re-visiting an issue of law or fact decided on appeal. *Clifford v. Gibbs*, — F.3d —, 2002 WL 1472763, *2 (5th Cir.[La.] 2002). See *Castillo*, 179 F.3d at 326 ("When we resolve a legal issue and remand to the district court, our decision binds subsequent proceedings in the district court and on later appeal."); *City Public Service Bd. v. General Elec. Co.*, 935 F.2d 78, 82 (5th Cir.1991) ("[I]ssues decided by an appellate court cannot be reexamined by the district court on remand."). The law of the case proscription applies regardless of whether the issue was decided explicitly or by necessary implication. See *F.D.I.C. v. McFarland*, 243 F.3d 876, 883 (5th Cir.2001). The law of the case doctrine applies not only to issues decided explicitly, but also to everything decided "by necessary implication." *Crowe v. Smith*, 261 F.3d 558, 562 (5th Cir. 2001). See *Browning v. Navarro*, 887 F.2d 553, 556 (5th Cir.1989). And, though not expressly addressed in an initial appeal, those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case. *In re Felt*, 255 F.3d 220, 225(5th Cir. 2001), *cert. denied*, 122 S.Ct. 807 (U.S. Jan 7, 2002). See: *Knotts v. United States*, 893 F.2d 758 (5th Cir.1990).

On direct appeal, Tunchez contended that Maccune's guilty plea was used to convict him, rather than a conviction based on Maccune's testimony and the other corroborating evidence. Further, that Maccune's guilty plea tipped the scales of justice toward conviction. This is essentially the argument he re-castes here. He cites herein many of the same cases he urged previously. Tunchez even seeks to distinguish herein, cases cited by the government in the direct appeal. The Fifth Circuit rejected his argument on direct appeal. This court is foreclosed from re-visiting it here.

6.

Tunchez' next hurdle relates to the requirement he demonstrate "cause and prejudice" in not pursuing the instant claim on direct appeal. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). In the absence of a "complete miscarriage of justice", Tunchez may not bring a collateral assault on his conviction without demonstrating "cause" for not pursuing his claims on direct appeal and "prejudice" which would be suffered for denial of such collateral review. *Jackson v. United States*, 258 F.Supp. 175, 178 (N.D. Tex. 1966). Tunchez fails to allege or demonstrate either cause or prejudice. The motion should be denied and dismissed under Rule 8(a) of the Rules Foll. 28 U.S.C. §2255 inasmuch as he offers no cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-232 and n.7 (5th Cir. 1991)(en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual

resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992]) which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to [the appellant] at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.* Tunchez' complaint essentially concedes he was aware of this issue at the time of direct appeal, if not before.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued

incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Tunchez makes no such claim.

## ALLEGATIONS

Assuming Tunchez has complied with the necessary pre-requisites to bring this action and has overcome the above hurdles, Tunchez' petition outlines a complaint of a constitutional nature, and therefore cognizable under §2255: he complains his trial violated Due Process, as his trial jury was informed that his co-defendant plead guilty following their joint jury selection, while he proceeded to trial with the same jury, without any contemporaneous limiting instruction, thus tainting Tunchez' plea of not guilty and effectively lowering the governments burden of proof at trial.

### Plea of Co-Defendant

Although a co-defendant's guilty plea cannot be used to establish the guilt of the defendant, the plea can be used for other purposes. *United States v. Casto*, 889 F.2d 562, 567 (5th Cir. 1989) (citation omitted); *United States v. Fleetwood*, 528 F.2d 528, 532 (5th Cir. 1975). A co-defendant's guilty plea is admissible under a limited set of circumstances. *United States v. Valley*, 928 F.2d 130, 133 (5th Cir. 1991). Several factors must be considered in determining whether the introduction of a co-defendant's plea has improperly prejudiced the defendant: (1) the presence or absence of a limiting instruction; (2) whether there was a proper purpose in introducing the fact of the guilty plea; (3) whether the plea was improperly emphasized or used as substantive evidence of guilt; and (4) whether

7

the introduction of the plea was invited by defense counsel. *Casto*, 889 F.2d at 567 (quoting *United States v. Black*, 685 F.2d 132, 135 [5th Cir. 1982]).

With regard to the first factor, a limiting instruction was neither requested nor given. Tunchez argues for the first time on appeal that the district court should have given a limiting or cautionary instruction to the effect that the jury could not consider Maccune's guilty plea as evidence of Tunchez's guilt. At no time before, during, or after the trial did his counsel ever request such a limiting instruction. The court's failure to give such a limiting instruction is not plain error. *United States v. King*, 505 F.2d 602, 608 (5th Cir. 1974); *United States v. DeLucca*, 630 F.2d 294, 299-300 (5th Cir. 1980). In *United States v. Borchardt*, 698 F.2d 697, 701 (5th Cir. 1983), this court held that the government's eliciting testimony from two co-conspirators about their guilty pleas did not impermissibly suggest that the defendant was also guilty. In *Borchardt*, a limiting instruction was neither given nor requested because of a tactical decision by defendant's counsel not to draw further attention to the guilty pleas. *Id.* at 700. This court found that defense counsel "vigorously and extensively pursued the guilty plea aspect in his cross-examination of [the co-conspirator]." *Id.* at 701. Any emphasis placed on the guilty pleas could not be attributed to the government alone. *Id.* The Fifth Circuit also held that the district court instructed the jury not to consider the guilty pleas of any witnesses as evidence of the defendant's guilt. *Id.* "The law requires no more." *Id.*

Here, Tunchez' counsel vigorously pursued Maccune's guilty plea in his cross-examination of Maccune. Tunchez' counsel cross-examined Maccune on

8

his "deal" with the government that his twenty-year maximum sentence would be reduced to five (5) years (DOC. 85 P. 174). Although Maccune testified that he expected to have his twenty-year maximum sentence reduced to 7 years, Tunchez' counsel persisted that the "deal" was 50% of 10 years or 5 years. Counsel for the United States objected on the ground that there had been no testimony of an agreement to reduce Maccune's sentence by 50% of 10 years–Maccune had testified that the non-binding agreement was 50% of 14 years or 7 years (DOC. 85, P. 174-75). The court sustained the objection and that ended Tunchez counsel's questioning on that subject (DOC. 85, P. 175). Any emphasis placed on Maccune's guilty plea cannot be attributed to the government alone. *Id.* at 701.

Additionally, the district court instructed the jury that they were not to consider Maccune's guilty plea as evidence of Tunchez's guilt:

> "The fact that an accomplice has entered into a plea of guilty to the offense charged is not evidence in and of itself of the guilt of any other person" (DOC. 85, P. 380).

Without a request for a limiting instruction from Tunchez' counsel, the district court did everything the law required. *Id.*

With regard to the second factor, there was a proper purpose for the United States to introduce the fact of Maccune's guilty plea. In considering this factor, this Court has recognized that a legitimate reason exists when the record reflects a defensive strategy to emphasize or rely on a co-conspirator's guilt. *Valley,* 928 F.2d at 133 (citation omitted). "Counsel presenting witnesses of blemished reputation routinely bring out 'such adverse facts as they know will be developed

9

on cross-examination' in order to avoid even the appearance of an 'intent to conceal'." *Borchardt*, 698 F.2d at 701 (quoting *United States v. Aronson*, 319 F.2d 48, 51 [2nd Cir. 1963]). It is permissible for the prosecution to "blunt the sword" of anticipated impeachment be revealing the information first. *United States v. Marroquin*, 885 F.2d 1240, 1246 (5th Cir. 1989).

In the present case, Tunchez argues that the United States improperly informed the jury of Maccune's guilty plea in opening statement. Tunchez' counsel stated to the court before opening statements that he intended to impeach co-defendant Maccune and attack his credibility. Tunchez' counsel planned to introduce a videotape filmed by the FBI on March 6, 1998, showing co-defendant Maccune discussing a recent trip to a brothel in Reynosa, Mexico and discussing the drug conspiracy. Tunchez' counsel argued that the entire videotape should be admitted into evidence because he wanted to use it for impeachment and to show Maccune's bad character (DOC. 85, P. 5-6, 9-10). Tunchez' counsel's stated intention of impeaching Maccune was a sufficient basis for the United States to discuss Maccune's guilty plea in opening statement. *Marroquin*, 885 F.2d at 1246; *United States v. Magee*, 821 F.2d 234, 241 (5th Cir. 1987) ("The government was entitled to outline for the jury its expected evidence which included testimony by convicted co-conspirators; thus, the disclosure [of an accomplice's guilty plea] served a legitimate purpose"). Without objection, the United States was permitted to "blunt the sword" of anticipated impeachment by telling the jury about Maccune's guilty plea in opening statement. *Marroquin*, 885 F.2d at 1246; *Borchardt*, 698 F.2d at 701.

With regard to the third factor, the plea was not improperly emphasized or used as substantive evidence of guilt. Tunchez contends for the first time on appeal that Maccune's guilty plea was used to convict him, effectively lowering the standard of proof. Tunchez' counsel did not object at trial to the admission into evidence or use of Maccune's plea agreement (DOC. 85, P. 53; Gov. Exh. 1). Although Tunchez makes conclusory arguments throughout his motion that Maccune's guilty plea tipped the scales of justice toward conviction, he does not cite to any evidence in the record which would even remotely support his argument.

Maccune's guilty plea did not implicate Tunchez. Maccune plead guilty to the possession count and not the conspiracy count. At trial, Tunchez did not deny or attempt to disprove the facts surrounding Maccune's drug trafficking. Instead, Tunchez argued that he was merely present during the trafficking and he did not join the conspiracy (DOC. 85, P. 42). In this context, the introduction of Maccune's guilty plea to Tunchez' jury served only as factual information of Maccune's actions which the jury could then combine with evidence of Tunchez' participation to determine whether Tunchez had conspired with Maccune or had possessed with intent to distribute the marihuana and cocaine. *See Casto*, 889 F.2d at 568.

Assuming, *arguendo*, that Maccune's guilty plea could have been used by the jury as substantive evidence of Tunchez' guilt, then Tunchez' counsel opened the door by his frequent references to the plea in his opening statement. This Court has held that a defendant will not be heard to complain of the admission and use of a co-conspirator's guilty plea when the defendant instigates such

admission, or attempts to exploit the evidence by frequent, pointed, and direct references to the co-conspirator's plea. *United States v. Handly*, 591 F.2d 1125, 1128 (5th Cir. 1979) ("The record, from beginning to end, reveals that the defendant's emphasis on the guilty pleas of his co-conspirators was *the* defense he chose to employ and not *a* defense which may or may not have been resorted to depending upon the content of the prosecutor's statement.") (emphasis in original). Here, Tunchez' counsel made frequent references to Maccune's plea in his opening statement, thus, instigating the government's introduction of the plea, without objection, during its case-in-chief. In Tunchez' opening statement, his counsel told the jury that under the terms of the plea agreement, Maccune's sentence would be reduced from 20 to 5 years in exchange for his testimony (DOC. 85, P. 41). He also told the jury that Maccune was one of the guilty parties (DOC. 85, P. 44). Tunchez' counsel opened the door to Maccune's plea.

With regard to the fourth factor, Tunchez' counsel invited the introduction of Maccune's plea. As discussed above, Tunchez' counsel invited Maccune's plea by stating to the district court, before the jury was seated, that he intended to impeach Maccune and attack his credibility and character (DOC. 85, P. 5-6, 9-10). Tunchez' counsel also referred to Maccune's plea in his opening statement by telling the jury about Maccune's reduced sentence and pointing to Maccune as the guilty party (DOC. 85, P. 41, 44). *Casto*, 889 F.2d at 567-68.

Tunchez also argues that Maccune's appearance before the venire panel prejudiced him when Maccune later testified against him at trial. Tunchez does not cite to any evidence in the record which would support his claim that the

12

timing of Maccune's plea had any effect whatsoever on jury convicting Tunchez. In the absence of any evidence supporting Tunchez' claim that the timing of Maccune's plea had any effect on his conviction, the jury is presumed to have followed the law and based their verdict on the evidence. Tunchez does not contend otherwise.

In *Rogers v. United States*, 304 F.2d 520 (5th Cir. 1962), the jury was unduly prejudiced by the co-defendant's guilty plea. Any reliance on *Rogers* is misplaced. In *Rogers*, the defendant moved for a severance of defendants based on the co-defendant's announced intention to plead guilty before the jury was selected. *Id.* at 522. The district court overruled the defendant's motion and then the jury was selected, impaneled and sworn. *Id.* The Fifth Circuit held that the motion for severance should have been granted. There was no justifiable reason for calling the case against both defendants, and selecting, impaneling, and swearing the jury before accepting the co-defendant's plea of guilty. *Id.* at 523. Here, Maccune did not announce his intention to plead guilty until <u>after</u> the jury had been selected. At the time, Tunchez and Maccune stood before the venire panel, they both were going to trial. There was no opportunity for the district court to have taken Maccune's guilty plea before the jury was selected. If Maccune had plead guilty <u>before</u> the jury panel was called, then there would have been no need for him to have appeared before the panel. In *Rogers*, the district court erred by selecting and impaneling the jury after the co-defendant had announced his decision to plead guilty. At a minimum, the district court should have severed the cases so

that the co-defendant did not plead guilty before the same jury that was to hear the defendant's case. *Id.*

## Due Process

The government does not dispute the legal tenets of Tunchez' argument: a sufficiently tainted jury deprives a defendant of his due process. The government's dispute with Tunchez' argument relates to the level of taint suffered by Tunchez.

Tunchez argues that his trial before the same jury which was picked jointly with his co-defendant, who later plead guilty, represents a due process violation. As a matter of clarification, it is worth noting that Tunchez' trial jury did not witness the co-defendant's plea of guilty. Tunchez suggests that when a joint jury is selected and the jury learns that the co-defendant has since plead guilty, this taints the jury to unacceptable levels, especially when the trial commences without a limiting instruction.

Tunchez' theory pre-supposes that jurors are overly swayed by 'guilt by association' of codefendants, if one is guilty, they're likely all guilty. Arguably, as defense attorneys routinely forward, the fact that a co-defendant pleads guilty and their client pleads innocent supports the conclusion that the codefendant is guilty and their client is innocent. In fact, here, counsel for Tunchez, in his opening argument, made a similar argument. He argued in substance, that the government offered a fantastic "deal" to Maccune in order to get him to plead guilty and testify against Tunchez. Further, that Tunchez was offered a fantastic deal to plead guilty, but wouldn't do it because he's innocent (DOC. 85, P. 44).

Tunchez' argument theoretically applies to every case in which a jury learn that a co-defendant has plead guilty[1]. The jury would understand that several people were indicted together and that some later plead guilty and one or more has not. The fact that a co-defendant pleads guilty prior to voir dire, after voir dire or even during a joint trial is irrelevant to the underlying principle. Tunchez places great significance on the fact that Maccune plead guilty after voir dire. However, the district court admonished the jury at voir dire that the jury was to consider the case against each defendant separately (Voir Dire, p. 2). From the outset the jury was warned not to judge co-defendants together. The district court's instruction during voir dire to judge the cases against each defendant separately mitigates the "failure" of the district court to so charge the jury at the outset of the trial proper. The district court's final jury instructions reminded the jury that Tunchez enjoyed separate consideration.

> " The fact that an accomplice has entered into a plea of guilty to the offense charged is not evidence in and of itself of the guilt of any other person". (DOC. 85, P.380).

Tunchez concedes that there are no cases directly on point. The two cases closest to the instant facts involve, on the one hand, a case in which the judge erroneously informed the trial jury that the defendant was going to plead guilty to the very crime the jury later convicted him: *United States v. Iribe-Perez*, 129 F.3d 1167 (5th Cir. 1997), which resulted in a reversal, and *Jackson v. United States*, 258 F.Supp. 175 (ND Tex. 1966), in which a joint jury learned at trial from the

---

[1] If a defendant has a right to a new jury if a codefendant pleads guilty following joint jury selection, the court may be confronted with a Hobson's choice, declare a mistrial and risk a double jeopardy claim or proceed with the same "tainted" jury. *Jackson*, 258 F.Supp. at 178.

petitioner that the co-defendant plead guilty following voir dire. Jackson's §2255 motion was denied. Tunchez suggests the *Iribe-Perez* case is more 'on point' to the instant case. The government suggests the principles set out in the *Jackson* case should control. In *Iribe-Perez*, the court's error related to a suggestion that the defendant was guilty, here, as in *Jackson*, it relates to the guilt of a co-defendant.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Tunchez's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

_____
Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, July 22, 2002, addressed to:

Jon Karl Schmid
Attorney at Law
P.O. Box 350
Brownsville, Texas, 78522-0350

_____
MARK M. DOWD
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIO TUNCHEZ,<br>  Petitioner-Defendant<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>  Respondent-Plaintiff<br>  ( CR B-98-158) | §<br>§<br>§<br>§  CA B-02-098<br>§<br>§<br>§<br>§ |

## ORDER

The Court, having considered Tunchez' motion under 28 U.S.C. §2255 to vacate sentence and the Government's response, concludes that dismissal of the cause is warranted. Tunchez brought the same essential complaints on direct appeal and on Petition for Certiorari. The 'Law of the Case' dictates that this Court is bound by the findings of the previous tribunals and can not re-visit these issues. If the instant claim is found distinguishable from his earlier appeals, Tunchez has failed to overcome the jurisdictional burden of demonstrating cause for failure to pursue his remaining claim on direct appeal or prejudice therefrom. Even if the merits were reached, Tunchez did not suffer a due process violation at trial.

Therefore, Tunchez' motion should be DISMISSED in its entirety.

DONE on this the _____ day of _____, 2002 at Brownsville, Texas.

                        _____
                        HILDA G. TAGLE
                        UNITED STATES DISTRICT JUDGE