UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIO TUNCHEZ, Petitioner, | § § § | |
| v. | § § § | CIVIL ACTION NO. B-02-098 CRIMINAL NO. B-98-158 |
| UNITED STATES OF AMERICA, Respondent. | § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Mario Tunchez has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

Petitioner Tunchez, along with two co-defendants, was indicted on March 11, 1998, on two counts: possession of 648 kilograms of marijuana and 103 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and with conspiracy to possess the same in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Petitioner and one co-defendant named Danny Maccune originally pleaded not guilty to the charges.

On April 28, 1998, the Petitioner and co-defendant Maccune appeared for jury selection. The Honorable Filemon B. Vela presided over voir dire. Both the Petitioner and his co-defendant appeared before the petit jury panel as innocent and were present with their respective attorneys. Both defense attorneys participated in jury selection. A jury panel was selected, but not sworn, since trial was to be conducted by the then recently appointed Honorable Hilda G.

Tagle. The government's lead trial counsel, Mark Dowd, did not appear for or participate in jury selection.

Petitioner Tunchez's trial began on Monday, May 11, 1998, before Judge Tagle. After argument on pending motions, a short recess was taken. After the recess, the jury was sworn in and seated. The seated jury panel was the same one that had previously seen both the Petitioner and co-defendant Maccune presented as not guilty during jury selection. However, on the morning of trial, only the Petitioner was present and he was identified as the sole defendant. Judge Tagle then gave standard preliminary instructions. No instruction or comment was either given by the judge or requested by either the government or petitioner's counsel surrounding the change of the plea to guilty by Petitioner's co-defendant, Maccune, or the effect to be given to this occurrence by the jury.

The government's lead trial attorney, Mark Dowd, opened. It was only then that the jury was informed that Petitioner's co-defendant (who had earlier appeared before them standing shoulder to shoulder with the Petitioner as innocent) had changed his plea to guilty and would be testifying against the Petitioner. During opening, the government's counsel stated in part as follows:

> You're going to hear testimony from a co-defendant. You've heard the Court read his name, Danny Lin Maccune. He was originally charged in this case, along with Mr. Tunchez. Mr. Maccune will testify before you. He has already pled guilty.

The government's first witness was Danny Maccune. No instruction was given contemporaneously during Maccune's testimony, nor was the jury at any time during the trial

given any instruction directly addressing the change in the co-defendant's plea from innocent to guilty, the circumstances surrounding it, or the effect to be given to it.

At the conclusion of the evidence, the jury was instructed. The notes of the docket sheet for May 13, 1998, show that after returning from lunch at 1:25 p.m., the jury delivered a verdict of guilty in the courtroom at 1:45 p.m. The Petitioner was sentenced and direct appeal was taken from the conviction. After oral argument, the Fifth Circuit Court of Appeals affirmed the Petitioner's conviction on January 10, 2001. The Court of Appeals rejected the sole issue raised concerning the interrelated issues of the seating of Petitioner's jury via the trial mechanics employed and the alleged faulty jury instruction.

A Petition for Writ Certiorari was timely filed with the United States Supreme Court. The Supreme Court denied the writ on May 14, 2001. This motion was timely filed on May 10, 2002, because it was filed within one year of the date that the judgment of Petitioner's conviction became final.

## ANALYSIS

Petitioner Tunchez describes his instant claim in the following manner:

> [The petition is] interwoven and interrelated to the sole issue consistently raised on direct appeal and in the Petition for Certiorari ... namely, the violation of his due process rights for the following reasons: the same purportedly unbiased jury panel that was to try the defendant witnessed without contemporaneous instruction the change in plea of the co-defendant, thus undermining the credibility of the validity of the Petitioner's plea of not guilty and thereby lowering the burden of proof for the government.[1]

---

[1] Movant's Pet. at 6.

The instant claim is foreclosed under "the law of the case." Tunchez brought the same essential claim on direct appeal and on Certiorari. This Court is foreclosed from re-visiting the claims Tunchez brought and which were decided on direct appeal or in his Petition for Certiorari.[2] "When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[3] However, "unlike res judicata, the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not."[4] The law of the case proscription applies not only to issues decided explicitly, but also to everything decided "by necessary implication."[5] And, though not expressly addressed in an initial appeal, those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case.[6]

On direct appeal, Tunchez contended that Maccune's guilty plea was used to convict him. Further, on direct appeal Tunchez argued that Maccune's guilty plea tipped the scales of justice toward conviction. This is essentially the argument he re-casts here. He cites herein many of the same cases he urged previously. Tunchez even seeks to distinguish, in this petition, cases that

---

[2] See United States v. Erwin, 277 F.3d 727, 733 (5th Cir. 2001); United States v. Lawrence, 179 F.3d 343, 351 (5th Cir. 1999); United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998) (stating that the "law of the case" precludes the district court from re-examining an issue decided on direct appeal).

[3] Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).

[4] Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Amer., 272 F.3d 276, 279 (5th Cir. 2001).

[5] See F.D.I.C. v. McFarland, 243 F.3d 876, 883 (5th Cir. 2001); Crowe v. Smith, 261 F.3d 558, 562 (5th Cir. 2001); Browning v. Navarro, 887 F.2d 553, 556 (5th Cir. 1989).

[6] See In re Felt, 255 F.3d 220, 225 (5th Cir. 2001), cert. denied, 122 S.Ct. 807 (2002).

that were cited by the government on direct appeal. The Fifth Circuit rejected his argument on direct appeal, and this court should be foreclosed from re-visiting it here.

### RECOMMENDATION

Due to the fact that the Fifth Circuit has either explicitly, or by necessary implication, ruled against the Petitioner on all the points raised in Tunchez's current application, said petition should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

DONE at Brownsville, Texas, this 29th day of July, 2002.

Felix Recio
United States Magistrate Judge

---

[7] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIO TUNCHEZ, <br> Petitioner, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. B-02-098 <br> CRIMINAL NO. B-98-158 |
| UNITED STATES OF AMERICA, <br> Respondent. | § <br> § <br> § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2002.

Hilda Tagle
United States District Judge