UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 9 2002

Michael N. Milby
Clerk of Court

MARIO TUNCHEZ,         )
                       )
    Petitioner         )
                       )
vs.                    )   Civil Action No. B-02-098
                       )   Criminal No. B-98-158
UNITED STATES OF AMERICA, )
                       )
    Respondent         )

PETITIONER'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION FOR POST-CONVICTION RELIEF
PURSUANT TO 28 U.S.C. §2255

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Petitioner, Mario Tunchez, by appointed CJA counsel, and as and for his Objections to the Magistrate Judge's Report and Recommendation entered on July 30, 2002 (Docket Document Four), on Petitioner's Motion for Post-conviction relief pursuant to 28 U.S.C. § 2255, hereby states as follows:

I.   Introduction.

Jury bias is the issue in this case. Jury bias has been sidestepped, however, by the government's Answer to petitioner's motion and by the magistrate judge's report and recommendation.[1] Jury bias presents a federal question

---

[1] The Magistrate's Report and Recommendation was issued without the benefit of a reply by petitioner because of the rapid timing of the report's issuance; the government filed and mailed its Answer, Motion for Dismissal or, in the alternative, Motion for Summary Judgment

regarding the mixed factual and legal question whether under the facts of petitioner's trial the burden of proof was effectively lowered for the government by the trial dynamics, thereby violating petitioner's Due Process rights.[2]

Petitioner does not object to the facts found by implication. However, petitioner objects to the reasoning and conclusion of the magistrate's report and recommendations that the "law of the case" doctrine applies to preclude consideration of any issues.[3] Petitioner objects to this legal conclusion for the reason that the magistrate's reliance on the government's representation as to the applicability of the law of the case doctrine to § 2255 motions in this context is misplaced.

  II.    "Law of the case" doctrine

   A.   *Lawrence*, 179 F.3d 343

A review of the cases cited by the government and relied upon by the magistrate that the law of the case doctrine precludes review of petitioner's motion is instructive. Reviewing the cases cited therein[4] shows that the law of the case doctrine does not apply to motions brought under 28

---

(hereinafter "Answer") to petitioner's counsel on July 22, 2002, and the magistrate issued his report on July 30, 2002.
[2] Given that the standard of proof in a criminal trial, "beyond a reasonable doubt," communicates the degree of confidence the factfinder is expected to have in the correctness of his conclusion, can it be doubted that this jury's confidence in the guilt of the petitioner was boosted by the mechanics of petitioner's trial in the way that they were informed of the codefendant's guilt? *Cf. In re Winship*, 397 U.S. 358, 371 (J. Harlan, concurring).
[3] See Magistrate's Report and Recommendations, p. 5; Government's Answer, ¶5, pp. 3-5.
[4] See Magistrate's Report and Recommendations, p. 4, n. 2.

U.S.C. § 2255.[5] For example, the government cites and the magistrate relies upon *U.S. v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999). *Lawrence* is an interesting and unusual case. It involves two codefendants, each of whom was convicted of a drug charge and of using and carrying a firearm. Their convictions were affirmed. After the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), the codefendant of Lawrence (named Tolliver) brought a habeas action to vacate his sentence. The government did not object. Later Lawrence filed a similar motion, but the government objected. Lawrence raised an argument based on the law of the case doctrine and on equal protection grounds. Lawrence claimed that the government should have treated his motion as it did Tolliver's. Responding to Lawrence's law of the case argument, the Fifth Circuit wrote:

> Although Lawrence was tried jointly with Tolliver, the doctrine of the law of the case does not govern his claim. Tolliver's § 2255 motion is not the same "case" as Lawrence's § 2255 motion. The conviction and its appeal constituted a discrete case. <u>The subsequent post-conviction motions are distinct both from the initial proceeding</u>, which became final with our affirmance of the convictions, and from each other. Thus, there is no law of the case that binds the instant motion to vacate, and the doctrine did not require the district court to reach the same result in considering the respective motions filed by Lawrence and Tolliver in separate proceedings.

*U.S. v. Lawrence*, 179 F.3d at 351 (emphasis supplied).

The emphasized language from *Lawrence* makes it clear

---

[5] The government's first-cited case, *U.S. v. Erwin*, 277 F.3d 727, 733 (5th Cir. 2001) in support of its argument based on the law of the case doctrine doesn't even mention the doctrine. *See* Government's Answer, p. 3.

that the criminal conviction and appeal are an "initial proceeding" in the eyes of the Fifth Circuit and are proceedings "distinct" from any subsequent § 2255 motion. *Id.* Therefore, the law of the case doctrine does not apply to § 2255 applications. *See id.*

Likewise, *U.S. v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998) is cited by the government and adopted by the magistrate for the application of the law of the case doctrine to this matter. However, the procedural posture of *Becerra* informs the reader --- this was the second appeal in *Becerra* --- that while the doctrine may apply from one appeal to another, or from the appellate court to the district court on remand, the *Becerra* case does support the proposition that previous appellate proceedings in a criminal matter apply to a § 2255 motion. *Becerra*, 155 F.3d at 752. In sum, the magistrate's reliance on the application of the law of the case doctrine is misplaced and ought to be corrected by the district court.

## CONCLUSION

WHEREFORE, premises considered, the Petitioner respectfully objects to the legal reasoning and conclusions of the magistrate and requests this Honorable Court to grant the § 2255 motion and to order a new trial because the government's burden of proof was effectively lowered by the trial dynamics as described in the motion.

Respectfully submitted,

*/s/ Jon Karl Schmid*
Jon Karl Schmid
Attorney at Law

```
                         1201 E. Van Buren
                         P. O. Box 350
                         Brownsville, Texas 78522-0350
                         (956) 542-7441
                         Southern Dist. Tx. Bar #21303
                         Colorado State Bar #015224
```

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate photocopy of the foregoing Objections to the Magistrate Judge's Report and Recommendation entered on Petitioner's Motion for Post-conviction relief pursuant to 28 U.S.C. § 2255 has been hand-delivered to the following counsel of record for the respondent, addressed as follows:

```
                         Mark Dowd, Esq.
                         Assistant U.S. Attorney
                         Office of the U.S. Attorney
                           for the Southern District of Texas,
                           Brownsville Division
                         Garza-Vela Court House
                         600 E. Harrison St.
                         Brownsville, Texas 78521
```

Dated at Brownsville, Texas this 9th day of August, 2002.

*[signature]*