9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 7 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

MARIO TUNCHEZ,                  §
Petitioner,                     §
                                §
v.                              §        CIVIL ACTION NO. B-02-098
                                §        CRIMINAL NO. B-98-158
UNITED STATES OF AMERICA,       §
Respondent.                     §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Antonio Tunchez' "Notice of Appeal" (Doc. #7). This Court will construe Petitioner's Notice as an Application for a Certificate of Appealability. Petitioner's Application for a Certificate of Appealability (Doc. #7) should be DENIED.

### BACKGROUND

Petitioner Tunchez, along with two co-defendants, was indicted on March 11, 1998, on two counts: possession of 648 kilograms of marijuana and 103 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and with conspiracy to possess the same in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Petitioner and one co-defendant named Danny Maccune originally pleaded not guilty to the charges.

On April 28, 1998, the Petitioner and co-defendant Maccune appeared for jury selection. The Honorable Filemon B. Vela presided over voir dire. Both the Petitioner and his co-defendant appeared before the petit jury panel as innocent and were present with their respective attorneys. Both defense attorneys participated in jury selection. A jury panel was selected, but not sworn, since trial was to be conducted by the then recently appointed Honorable Hilda G.

1

Tagle.  The government's lead trial counsel, Mark Dowd, did not appear for or participate in jury selection.

Petitioner Tunchez's trial began on Monday, May 11, 1998, before Judge Tagle.  After argument on pending motions, a short recess was taken.  After the recess, the jury was sworn in and seated.  The seated jury panel was the same one that had previously seen both the Petitioner and co-defendant Maccune presented as not guilty during jury selection.  However, on the morning of trial, only the Petitioner was present and he was identified as the sole defendant. Judge Tagle then gave standard preliminary instructions.  No instruction or comment was either given by the judge or requested by either the government or petitioner's counsel surrounding the change of the plea to guilty by Petitioner's co-defendant, Maccune, or the effect to be given to this occurrence by the jury.

The government's lead trial attorney, Mark Dowd, opened.  It was only then that the jury was informed that Petitioner's co-defendant (who had earlier appeared before them standing shoulder to shoulder with the Petitioner as innocent) had changed his plea to guilty and would be testifying against the Petitioner.  During opening, the government's counsel stated in part as follows:

> You're going to hear testimony from a co-defendant.  You've
> heard the Court read his name, Danny Lin Maccune.  He was
> originally charged in this case, along with Mr. Tunchez.  Mr.
> Maccune will testify before you.  He has already pled guilty.

The government's first witness was Danny Maccune.  No instruction was given contemporaneously during Maccune's testimony, nor was the jury at any time during the trial

given any instruction directly addressing the change in the co-defendant's plea from innocent to guilty, the circumstances surrounding it, or the effect to be given to it.

At the conclusion of the evidence, the jury was instructed. The notes of the docket sheet for May 13, 1998, show that after returning from lunch at 1:25 p.m., the jury delivered a verdict of guilty in the courtroom at 1:45 p.m. The Petitioner was sentenced and direct appeal was taken from the conviction. After oral argument, the Fifth Circuit Court of Appeals affirmed the Petitioner's conviction on January 10, 2001. The Court of Appeals rejected the sole issue raised concerning the interrelated issues of the seating of Petitioner's jury via the trial mechanics employed and the alleged faulty jury instruction.

A Petition for Writ Certiorari was timely filed with the United States Supreme Court. The Supreme Court denied the writ on May 14, 2001. This motion was timely filed on May 10, 2002, because it was filed within one year of the date that the judgment of Petitioner's conviction became final. Petitioner's writ was denied by written order on August 16, 2002. Petitioner now seeks a certificate of appealability.

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[1] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed

---

[1] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

3

after the effective date of the AEDPA.[2]  Under the AEDPA, to appeal the denial of a habeas

corpus petition filed under Section 2254, a petitioner must obtain a CoA.[3]  Under the AEDPA,

appellate review of a habeas petition is limited to the issues on which a certificate of

appealability ["CoA"] is granted.[4]  A CoA is granted or denied on an issue-by-issue basis, thereby

limiting appellate review to those issues on which CoA is granted alone.[5]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial

of a constitutional right.[6]  To make such a showing, the petitioner need not show that he should

prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of

reason; that a court could resolve the issues in a different manner; or that the questions are

---

[2] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

[3] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

[4] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[5] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[6] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

adequate to deserve encouragement to proceed further.[7] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[8]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[9] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling.[10]

Petitioner Tunchez makes no valid claims that detail a denial of a constitutional right. Further, Petitioner Tunchez can not show that the issues are debatable amongst reasonable jurists. He also can not prove that another court would have resolved any of the issues he raised in his § 2255 petition differently. Therefore, these proceedings should not proceed and Petitioner Tunchez' Application for a Certificate of Appealability should be DENIED.

---

[7] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[8] Alexander v. Johnson, 211 F.3d at 898.

[9] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

[10] Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

## RECOMMENDATION

For the above mentioned reasons, Petitioner's Application for a Certificate of Appealability (Doc. #7) should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[11]

DONE at Brownsville, Texas, this ___16th___ day of October, 2002.

Felix Recio
United States Magistrate Judge

---

[11] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIO TUNCHEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-098 |
| | § | CRIMINAL NO. B-98-158 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Certificate of Appealability is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2002.


_____
Hilda Tagle
United States District Judge