United States District Court
Southern District of Texas
FILED

NOV 0 6 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIO TUNCHEZ,            )
                          )
    Applicant             )
                          )
vs.                       )   Case No. B-02-CV-98
                          )   (CR B-98-158-02
UNITED STATES OF AMERICA, )
                          )
    Respondent            )

### APPLICATION FOR CERTIFICATE OF APPEALABILITY
### PURSUANT TO F. R. App. P. 22(b)(1)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Applicant, Mario Tunchez, represented by counsel, and hereby applies for a Certificate of Appealability pursuant to F. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c), stating as follows:

#### Jurisdiction.

1.  This case presents a federal question whether the government's burden of proof was lowered thereby violating applicant's federal Due Process rights.[1]  This court has jurisdiction pursuant to 28 U.S.C. § 1331. A petition for post-conviction relief was timely filed pursuant to 28 U.S.C. § 2255. It was denied. A notice of appeal has been filed;

---

[1] As articulated below this error was fundamental and in the context of this application provides a substantial showing of the denial of the applicant Due Process and Sixth Amendment Rights because the trial mechanics undercut the jury's presumption of the applicant's innocence, thereby lowering the standard of proof necessary for the government to convict. *Cool v. United States*, 409 U.S. 100, 105 (1972).

however, the second sentence of F. R. App. P. 22(b)(1) authorizes this application in the district court pursuant to the following language: "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." F. R. App. P. 22(b)(1).

### Venue.

2. 28 U.S.C. § 2255 fixes venue in the court that imposed the sentence. The applicant was tried and sentenced in the Brownsville Division of the U.S. District Court for the Southern District of Texas. The § 2255 petition was filed and denied in said division. Venue for this application is therefore properly fixed in this district and division. *See* F. R. App. P. 22(b)(1); 28 U.S.C. § 2255.

### Applicant is incarcerated.

3. The applicant, Mario Tunchez, has been and as of the date of the filing of this application currently is a prisoner held by federal authorities pursuant to a judgment of conviction entered by Brownsville Division of the U.S. District Court for the Southern District of Texas.

### Procedural History.

4. Along with two co-defendants the applicant was indicted on March 11, 1998, on the following two counts: possession of drugs (marijuana and cocaine) with intent to distribute in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(A) and with conspiracy to possess same in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(A).

5. On April 28, 1998, the applicant and codefendant Maccune appeared for jury election. The Honorable Filemon B. Vela presided over jury selection. Standing shoulder to shoulder both applicant and the codefendant (Danny Lin Maccune) appeared before the petit jury panel and pleaded not guilty. Each was represented by his respective attorney. Both defense attorneys participated in jury selection. A jury panel was selected but not sworn, since trial was to be conducted by the then-recently appointed Honorable Hilda G. Tagle. The government's lead trial counsel, Mr. Mark Dowd, did not appear for or participate in jury selection. The government was represented at voir dire by Ms. Adela Kowalski-Garza.

6. Applicant's trial began on Monday morning, May 11, 1998, before the Honorable Hilda G. Tagle. After argument on pending motions, a short recess was taken. After the recess, the jury was escorted in and seated. They were sworn in. This was the same jury panel that had previously *witnessed* both applicant and codefendant (Maccune) presented as not guilty during jury selection. However, on the morning of trial, only the applicant, Mario Tunchez, was present, and he was identified as the sole defendant.

7. The Honorable Hilda G. Tagle then gave standard preliminary instructions to the jury. No jury instruction or comment was either given by the judge or requested by either the government or applicant's counsel surrounding the change of the plea to guilty by applicant's codefendant, or the

effect to be given the change of codefendant's plea from not guilty to guilty.

    8.  The government's lead trial attorney, Mr. Mark Dowd, opened.  It was only during his opening remarks that the jury was informed without instruction that applicant's codefendant (who had earlier appeared before the jury as innocent, standing shoulder to shoulder with the applicant) had changed his plea to guilty and would be testifying against the applicant.  During opening the government's counsel stated in part as follows:

> You're going to hear testimony from a co-defendant.  You've heard the Court read his name, Danny Lin Maccune.  He was originally charged in this case, along with Mr. Tunchez.  Mr. Maccune will testify before you.  He has already pled guilty.

Trial Transcript, p. 30.  Further referring to the anticipated testimony of the applicant's co-defendant, the government's attorney said, "Mr. Maccune's testimony . . . provides us with some valuable insight in your understanding the evidence in this case, because <u>normally we don't get the inside stories</u>."  Id., p. 32 (emphasis added).  No objection was made.  Id.  No contemporaneous instruction or comment on this point was given by the trial judge;  Id., pp. 30-32.

    9.  The government's first witness was applicant's codefendant, Maccune, who had previously appeared during jury selection before the same petit jury panel as innocent, having subsequently changed his plea to guilty between the time of jury selection and the time of trial.

10. No instruction was given the jury contemporaneously during Maccune's testimony. <u>Id</u>., pp. 49-135. Nor was the jury at any time during the trial given any instruction directly addressing the change in the codefendant's plea from innocent to guilty, the circumstances surrounding it, or the effect to be given the change by the jury. See,. *generally*, Trial transcript.

11. Only at the end of the applicant's trial was the jury was instructed as follows in pertinent part as follows: "The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, <u>in and of itself</u>, of the guilt of any other person." *See* Fifth Circuit Pattern Jury Instruction No. 1.15 (emphasis added). The instruction in its entirety is set forth in the following footnote.[2]

---

[2] The then-applicable Fifth Circuit Pattern Jury Instruction 1.15 as to "Accomplice-Co-Defendant Plea Agreement" given in applicant's case reads in its entirety as follows:

> In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into a plea agreement providing for the dismissal of some charges and a lesser sentence than the co-defendant would otherwise be exposed to for the offense to which the co-defendant plead guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.
>
> An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.
>
> The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person.

12. At the conclusion of the evidence, the jury was instructed. Trial Transcript, pp. 372-391. The notes of the docket sheet for May 13, 1998, show that after returning from lunch at 1:25 p.m., the jury delivered a verdict of guilty in the courtroom at 1:45 p.m. *See* Docket Sheet of District Court), p. 8 (see notes accompanying Docket Doc. Number 42. The jury reached its verdict in fewer than twenty (20) minutes.

13. The applicant was sentenced, and direct appeal was taken from the judgment of conviction. After oral argument the court of appeals affirmed the applicant's conviction on or about January 10, 2001. In an unpublished opinion, the court of appeals rejected the sole issue raised concerning the interrelated issues of jury bias via the trial mechanics employed and the faulty jury instruction that in combination lowered the standard of proof that violated applicant's Due Process rights.

14. A Petition for Writ of Certiorari was timely filed with the U.S. Supreme Court. That Court denied the writ on May 14, 2001.

15. The applicant's motion for post-conviction relief was timely filed in this division of this district on May 10, 2002. The question for consideration by the district court in the § 2255 petition was whether the trial mechanics in addition to the "in and of itself" language from the jury instructions that appear above in footnote two instructed the jury by implication that the guilt of petitioner's

codefendant could be used in some measure, to some effect, perhaps in conjunction with testimony as evidence of the petitioner's guilt --- all thereby lowering the standard of proof and violating the petitioner's right to a fair trial by an impartial jury in violation of the Due Process and Sixth Amendment  To that end, a short single-page interrogatory intended for presentation to the members of the petit jury was attached to and made part of applicant's timely-filed petition.[3]

16. The magistrate judge, however, recommended that the petition be denied.  The articulated basis for such recommendation was the reliance on the doctrine of the law of the case: that since the constitutional claim regarding the trial mechanics and jury instruction had been (the sole issue) raised in the applicant's direct appeal and rejected by the circuit court, that the law of the case doctrine applied to bar applicant's petition.

17. The applicant timely filed objections.  The district court overruled the objections, adopting the

---

[3] Specifically, paragraph thirty-five of applicant's § 2255 motion reads in its entirety as follows:

> 35. To obtain the facts necessary to support his motion Applicant requests that the jury list be furnished and an order entered authorizing him to contact jurors to ascertain "whether extraneous prejudicial information was brought to the jury's attention" per Fed. R. Evid. 606(b).  A proposed order accompanies this motion at Exhibit 8. Attached to the proposed order is a juror questionnaire of one page to be propounded in the petit jurors in this matter.

magistrate's rationale that the law of the case applied to urge the denial of petitioner's § 2255 motion, and denied the petition.

18. Notice of appeal was duly filed. This application for certificate of appealability (hereinafter "COA") is hereby presented to the district court that rendered judgment pursuant to F. R. App. P. 222(b)(1).

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

19. Suggesting that the district court erred in its consideration of the applicant's motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the applicant seeks a COA with respect to the errors of the district court with respect to the following issues:

A. failing to consider the single-page jury questionnaire attached to the § 2255 petition and incorporated therein as a request for discovery under the applicable rules;

B. incorrectly applying the law of the case doctrine to foreclose consideration of the motion for post-conviction relief over the applicant's objections;

C. failing to order an evidentiary hearing on the issue of actual jury bias;

D. failing to order an evidentiary hearing on the presumption of implied jury bias;[4]

---

[4] Bias in the minds of the jurors may be implied given unusual and aggravating circumstances. *See Smith v. Phillips*, 455 U.S. 209, 225 (U.S. 1982) ("Because there may be circumstances in which a postconviction hearing will not be adequate to remedy a charge of juror bias, it is important for the Court to retain the doctrine of implied bias to preserve Sixth Amendment rights.").

## STANDARD OF REVIEW for COA

20. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the applicant must obtain a COA before appealing the district court's decision. 28 U.S.C. § 2253(c)(1). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This rule does not require a petitioner to show that he would prevail on the merits. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, (1983). "Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot*, 463 U.S. at 893, n. 4 (internal quotations and citations omitted) (brackets in original; *see also Chavez v. Cockrell*, ___ F.3d ___, ___ (No. 02-100050, slip op. at 4) (5th Cir. Oct. 29, 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## SHOWING OF DENIAL OF CONSTITUTIONAL RIGHT

21. The applicant suggests that the denial of the applicant's Due Process (because of his denial of Sixth Amendment rights) is substantially shown by the district court docket notes, the voir dire transcript, and the trial transcript (all of which were submitted as exhibits with the § 2255 motion) and the unique facts of this case as follows:(1) only two defendants; (2) the appearance of both applicant and codefendant participating in jury voir dire,

having pleaded not guilty; (3) the same petit jury witnessing the applicant as the sole defendant on the morning of trial; (4) the same petit jury's first finding out about the change of codefendant's plea from innocent to guilty during the government's opening statement; (5) the lack of any cautionary instruction <u>at any time during the trial and particularly not contemporaneously</u> with the jury's witnessing the change in co-defendant's plea; (6) the inclusion of the "in and of itself" language in Fifth Circuit Pattern Jury Instruction No. 1.15, literally instructing the jury that any evidence in addition to the guilty plea of the codefendant could be used to convict the applicant; and, finally, the (7) weak evidence as demonstrated by a careful reading of the totality of the trial transcript.

22. Thus, the issue for factual resolution as presented in the § 2255 motion was jury bias (actual and implied); namely, whether the trial mechanics undercut the jury's presumption of the applicant's innocence, thereby lowering the standard of proof necessary for the government to convict. *Cool v. United States*, 409 U.S. 100, 105 (1972).

23. To test the fundamental, constitutional issue of factual jury bias, a short, succinct jury questionnaire designed within the parameters of Fed. R. Evid. 606(b) was drafted. It was attached to the original petitioner filed pursuant to 28 U.S.C. § 2255. The court should have treated and considered the single-page jury questionnaire as a

request for discovery under Rule 6 of the District Court Rules Governing Section 2255 Cases.

24. Section 2255 provides for an evidentiary hearing unless the evidence conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992). Although evidentiary hearings are not mandated in every § 2255 proceeding, where, as shown in the applicant's § 2255 motion, the violation of his constitutional right to an impartial jury, the violation of which effectively lowered the government's burden of proof, required such an evidentiary hearing. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (unless it is clear from the pleadings, files and records that a prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory).

25. Rule 6 of the Rules Governing § 2255 Proceedings provides that a habeas petitioner must demonstrate good cause in order to obtain discovery. Under the rule, the petitioner must make a preliminary showing that requested documents or information may contain exculpatory or impeaching information in order to compel production. *See United States v. Roach*, 28 F.3d 729, 734 (8th Cir. 1994). Here, the applicant suggests that two objective facts gave the district court the showing necessary to permitted discovery of the actual or implied bias in the petit jury. Those two facts are (1) the return of the decision of the members of the petit jury in fewer than twenty minutes on (2) a trial transcript that

shows that the applicant's involvement was outside the scope of the conspiracy.

26. The indisputable fact of reaching the guilty verdict of guilty in fewer than twenty minutes, as established by the district court's own docket sheet, is the showing applicant was required to make; namely, in the context of the question presented in applicant's § 2255 motion, that some dynamic was at work powerfully propelling the jury's verdict --- specifically, jury bias ---- as opposed to the weak evidence presented in the case.

27. Fed. R. Evid. 606(b) specifically permits an examination into a juror's testimony "whether extraneous prejudicial information was improperly brought to the jury's attention . . . ." That was precisely the focus of the jury questionnaire attached to the applicant's §2255 petition that in no way sought to investigate the mental processes of the jurors. *See* Fed. R. Evid. 606(b). And unlike the broad discovery request made in the § 2255 motion filed in *Shakur v. United States*, 32 F.Supp.2d 651, 667 (S.D. N.Y. 1999), the discovery requested here was narrow.

28. Although a habeas petitioner is not entitled to discovery in the ordinary course of proceedings, *see Bracy v. Gramley*, 520 U.S. 899 (1997), in this matter, it is respectfully suggested that the applicant established a record upon reasonable jurists would have asked whether there was either actual or implied jury bias at work in this verdict of this unusual case. *See Smith v. Phillips*, 455

U.S. 209, 225 (U.S. 1982) (bias in the minds of the jurors may be implied given unusual and aggravating circumstances).

29. At a minimum, reasonable jurists would have thought that the question of either actual or implied jury bias was adequate to deserve encouragement to proceed further by ordering the proposed jury questionnaire to be sent to members of the applicant's petit jury. *See Barefoot*, 463 U.S. at 893, n. 4.

30. Since the purported constitutional violation of appellant's right to an impartial jury, the violation of which effectively lowered the government's burden of proof, made mandatory an evidentiary hearing, *see* Rule 8(a) of the District Court Rules Governing Section 2255 Cases; *contra Fontaine v. United States*, 411 U.S. 213, 215, (1973) (where the record, transcripts, files and affidavits are sufficiently adequate, the district court may resolve these disputes without the need for a hearing), a certificate of appealability should issue.

### ERRONEOUS RELIANCE ON THE LAW OF THE CASE DOCTRINE

31. Exhaustive research has revealed no case in which the affirmance of a direct appeal has been deemed to have been the law of the case governing a § 2255 motion. Nevertheless, this was the articulation by the magistrate judge as adopted by the district court in denying the applicant's § 2255 motion.

32. Clearly, there is good reason (sounding in both policy and fact) that the law of the case doctrine does not

apply to foreclose consideration of the points presented in an applicant's § 2255 motion by the affirmance on direct appeal. Quite simply, the two (direct appeal from a criminal case versus § 2255 motion) are different proceedings that apply different legal standards to different issues. On direct appeal, the circuit court had no power to remand to order the questionnaire attached to applicant's § 2255 motion to be sent to members of the petit jury trial.

33. It is precisely the purpose of a § 2255 evidentiary hearing at which would be been proffered and admitted the jury questionnaire in question that the district court should have ordered, for in the context of the selection of petit panels, "the issue for implied bias is whether an average person in the position of the juror in controversy would be prejudiced." United States vs. Cerrato-Reyes, 176 F.3d 1253, 1260 (quoting United States v. Torres, 128 F.3d 38, 45 (2d Cir. 1997)).

34. Concluding that the law of the case doctrine bars consideration of factual matters related to issues presented on direct appeal stands 28 U.S.C. § 2255 on its head, particularly where, as here, the applicant, has made a showing requiring discovery to have issued. *See Mach v. Stewart*, 137 F.3d 630 (9th Cir. 1997) (on habeas from state conviction for sexual conduct with a minor, where a state-employed social worker opined during jury selection that sexual assault had been confirmed in every case in which one of her clients reported such an assault, the taint on

remaining jurors violated the defendant's rights to an impartial, indifferent jury, remanding for issuance of writ).

35. In sum, the district court denied the applicant the proper procedural vehicle of discovery and an evidentiary hearing on the facts of this unusual case in which the basic fair trial process was aborted, echoing the types of cases that are serious constitutional violations: *Payne v. Arkansas*, 356 U.S. 560 (1958) (use of coerced confession), *Gideon v. Wainwright*, 372 U.S. 335 (1963) (denial of counsel), and *Tuney v. Ohio*, 273 U.S. 510 (1927) (biased adjudicator).

36. It is also respectfully requested that the Court take judicial notice of documents in this matter pursuant to Fed. R. Evid. 201.

## CONCLUSION

**WHEREFORE**, premises considered, the applicant respectfully requests this Honorable Court grant his application for a certificate of appealability on the issues articulated and briefed herein.

Respectfully submitted,

Jon Karl Schmid
Attorney at Law
1201 E. Van Buren
P. O. Box 350
Brownsville, Texas 78522-0350
(956) 542-7441
Attorney for Applicant
Southern Dist. Tx. Bar #21303
Colorado State Bar #015224

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate photocopy of the foregoing Motion for Post-conviction Relief pursuant to 28 U.S.C. § 2255 with all attachments has been hand-delivered to the following counsel of record for the respondent, addressed as follows:

>Mark Dowd, Esq.
>Assistant U.S. Attorney
>Office of the U.S. Attorney
>  for the Southern District of Texas,
>  Brownsville Division
>Garza-Vela Court House
>600 E. Harrison St.
>Brownsville, Texas 78521

Dated at Brownsville, Texas this 6th day of November, 2002.

*[signature]*