UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 2 2002

Michael N. Milby
Clerk of Court

MARIO TUNCHEZ, )
)
    Applicant )
)
vs. )  Civil No. B-02-CV-98
)  (CR B-98-158-02)
UNITED STATES OF AMERICA, )
)
    Respondent )

## MOTION TO STRIKE
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS PREMATURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Applicant, Mario Tunchez, represented by counsel, and hereby moves to strike as premature the Magistrate Judge's (second) Report and Recommendation (Docket Doc. No. 9), denying Tunchez's application for a COA, stating as follows:

I.

THE MAGISTRATE JUDGE'S CONSTRUING THE SINGLE PAGE NOTICE OF APPEAL FILED BY COUNSEL AS AN APPLICATION FOR COA WAS ERRONEOUS.

A.

The Magistrate Judge prematurely construed the petitioner's Notice of Appeal as his application for a COA. *See* Magistrate Judge's (second) Report and Recommendation (Docket Doc. No. 9). The magistrate judge employed this *sua sponte* treatment, citing *Alexander v. Johnson,* 211 F.3d 895 (5th Cir. 2000) (*per curiam*) (dictum). *See* Magistrate

Judge's (second) Report and Recommendation (Docket Doc. No. 9), slip op. at 5, n. 8.  Relying on *Alexander* is questionable for several reasons.  First, since *Alexander's* publication more than two years ago, no federal circuit including the Fifth has ever cited it for its proposition regarding *sua sponte* treatment.  This suggests that it is a renegade case, the comments of which about *sua sponte* treatment without citation are neither well reasoned nor supported by precedent.  *See Alexander*, 211 F.3d at 898. Second, *Alexander* is factually inapposite.  As a federal prisoner Tunchez proceeds under 28 U.S.C. § 2255; however, *Alexander* is a case filed by a state prisoner pursuant to 28 U.S.C. § 2254.  The only published cases citing to *Alexander* for its sua sponte proposition are cases that, like *Alexander*, arise from a state conviction.  *E.g., Kasi v. United States*, 200 F.Supp.2d 585 (E.D. Va. 2002) (§ 2254 case).  Finally, using *Alexander* to support the *sua sponte* treatment of a notice of appeal as an application for COA is particularly inappropriate where the prisoner is represented by counsel.  *Compare Grayson v. Grayson*, 185 F.Supp.2d 747 (E.D. Mi. 2002) (pro se § 2254 case, citing *Alexander*) *with Allen v. Stovall*, 156 F.Supp.2d 791 (E.D. Mi. 2001) (pro se § 2254 case, citing *Alexander*).  In sum, *Alexander* is a fragile anvil to support the premature use of such a heavy procedural hammer in denying a COA prior to its filing.

**B.**

Further, the *sua sponte* process employed by the magistrate judge conflicts with express statutory language. *See* 28 U.S.C. § 2253. Specifically, the scheme of appellate review set forth in 28 U.S.C. § 2253(c)(2) places the burden of making "a substantial showing of the denial of a constitutional right" on the applicant, not on the judge. Thus, 28 U.S.C. § 2253 anticipates that an applicant rather than the judge will identify those issues applicable to satisfying the showing of a substantial denial of a constitutional right. The *sua sponte* approach also wastes precious judicial resources in urging a court to rule spontaneously on --- potentially a plethora of --- issues without the benefit of adversarial briefing.

**C.**

Moreover, the *sua sponte* approach violates traditional notions of procedural due process. *Contra Alexander, supra*. If the *sua sponte* approach of *Alexander* to COA were followed,[1] then the district court could also review the applicant's trial record *sua sponte* in order to ascertain whether either a § 2241 or § 2255 motion were appropriate in the first place and to issue a ruling in advance of such motion. Such action would violate due process as does the *sua sponte* construction of a notice of appeal as an application for COA. *See*

---

[1] That premise is expressed in *Alexander* in the following language: "Arguably, the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court." 211 F.3d at 898.

Magistrate Judge's (second) Report and Recommendation (Docket Doc. No. 9).

II.

THE PREMATURE ISSUANCE OF THE MAGISTRATE'S SECOND REPORT AND RECOMMENDATION IN ADVANCE OF THE ACTUAL FILING OF THE APPLICATION FOR COA ON NOVEMBER 6, 2002, DEPRIVES THE DISTRICT COURT OF THE BENEFIT OF FULL BRIEFING AND CONSIDERATION OF THE ISSUES RAISED BY APPLICANT'S COA THAT, AT A MINIMUM, DISCOVERY SHOULD HAVE BEEN ORDERED REGARDING THE FACTUAL ISSUE OF JURY BIAS.[2]

A.

It is an indisputable fact: the notes of the criminal docket sheet for May 13, 1998, show that after returning from lunch at 1:25 p.m., the jury _delivered_ a verdict of guilty in the courtroom at 1:45 p.m. See Docket Sheet of District Court, p. 8 (see notes accompanying District Court Criminal Docket Doc. Number 42). This provides the substantial showing that the applicant is required to make (in the context of the applicant's § 2255 motion) that some unconstitutional dynamic was at work powerfully propelling the jury's verdict when viewed in light of the trial transcript reflecting weak evidence. Applicant's trial

---

[2] Paragraph 19 of the Application for COA, filed on November 6, 2002, requested a COA as to the following four issues; to-wit: "Suggesting that the district court erred in its consideration of the applicant's motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the applicant seeks a COA with respect to the errors of the district court with respect to the following issues:
 A. failing to consider the single-page jury questionnaire attached to the § 2255 petition and incorporated therein as a request for discovery under the applicable rules;
 B. incorrectly applying the law of the case doctrine to foreclose consideration of the motion for post-conviction relief over the applicant's objections;
 C. failing to order an evidentiary hearing on the issue of actual jury bias;
 D. failing to order an evidentiary hearing on the presumption of implied jury bias (citation in footnote omitted)."

dynamic was summarized in his § 2255 motion and appears in the following footnote.[3] The applicant specifically requested discovery in his § 2255 motion on the constitutional issue of jury bias. *See* Exhibit 1, attached hereto. However, the premature issuance of the Magistrate Judge's Second Report and Recommendation of October 17, 2002 (Docket Doc. No. 9) undercuts and circumvents the district court's focus on the substantial showing made by applicant and the court's failure to order discovery. Unlike the broad discovery request made in the § 2255 motion filed in *Shakur v. United States*, 32 F.Supp.2d 651, 667 (S.D. N.Y. 1999), the discovery requested here was narrow.[4]

B.

The premature issuance of the Magistrate Judge's Second Report and Recommendation of October 17, 2002 (Docket Doc. No. 9) also prevents the district court from receiving the full benefit of adversarial briefing. *Contra Alexander*, 211 F.3d at 898. Such briefing would have focused the court's

---

[3] "In this case, it is not the testimony of the codefendant that undercuts the jury's belief in the validity of the presumption of innocence. Rather, the burden of proof is lowered substantially by the assertion of innocence and then the adoption of guilt by a codefendant with whom the petitioner first appeared side by side at jury selection in asserting his innocence. *See Cool v. United States*, 409 U.S. 100, 105 (1972). The mechanics of this structural error at the beginning of the trial [without contemporaneous instruction] tainted the minds of the jurors throughout the trial because of the way they were informed about the plea under the aggravating circumstances of this case." Tunchez's Motion for Relief under 28 U.S.C. § 2255, ¶ 27.

[4] Fed. R. Evid. 606(b) specifically permits an examination into a juror's testimony "whether extraneous prejudicial information was improperly brought to the jury's attention . . . ." That was precisely the focus of the jury questionnaire attached to the applicant's § 2255 petition that in no way sought to investigate the mental processes of the jurors. *See* Fed. R. Evid. 606(b).

attention upon the issue of whether reasonable jurists would have asked whether there was either actual or implied jury bias at work in this verdict of applicant's unusual case. *See Smith v. Phillips*, 455 U.S. 209, 225 (U.S. 1982) (bias in the minds of the jurors may be implied given unusual and aggravating circumstances). At a minimum, briefing would have shed light on whether a substantial showing had been made about whether reasonable jurists would have thought that the question of either actual or implied jury bias was adequate to deserve encouragement to proceed further (by ordering the proposed jury questionnaire to be sent to members of the applicant's petit jury). *See Barefoot*, 463 U.S. at 893, n. 4. However, the premature issuance of the Magistrate Judge's Second Report and Recommendation of October 17, 2002 (Docket Doc. No. 9) prevented such briefing, thereby depriving the district court of the benefit of adversarial, Socratic dialogue essential to the adversarial process. *Contra Alexander*, 211 F.3d at 898.

C.

In sum, the premature issuance of the Magistrate Judge's Second Report and Recommendation of October 17, 2002 preempts the district court's full and fair consideration of the substantial showing made by applicant of the constitutional violation in his case. *See* 28 U.S.C. § 2253; *Mach v. Stewart*, 137 F.3d 630 (9th Cir. 1997) (on habeas from state conviction for sexual conduct with a minor, where a state-

employed social worker opined during jury selection that sexual assault had been confirmed in every case in which one of her clients reported such an assault, the taint on remaining jurors violated the defendant's rights to an impartial, indifferent jury, remanding for issuance of writ); contra *Alexander*, 211 F.3d at 898.

### III.

It is respectfully requested that the Court take judicial notice of the documents in its files regarding this matter pursuant to Fed. R. Evid. 201.

### CONCLUSION

WHEREFORE, premises considered, the applicant respectfully requests this Honorable Court grant his motion to strike as premature the Magistrate's second Report and Recommendation (Docket No. 9).

Respectfully submitted,

*[signature]*

Jon Karl Schmid
Attorney at Law
1201 E. Van Buren
P. O. Box 350
Brownsville, Texas 78522-0350
(956) 542-7441
Attorney for Applicant
Southern Dist. Tx. Bar #21303
Colorado State Bar #015224

## CERTIFICATE OF CONSULTATION AND SERVICE

The undersigned hereby certifies that he has consulted with Mr. Mark Dowd, Esq., counsel for the respondent, and that the government opposes this motion and, further, that a true and accurate photocopy of the foregoing Motion to Strike has been hand-delivered to the following counsel of record for the respondent, addressed as follows:

>  Mark Dowd, Esq.
>  Assistant U.S. Attorney
>  Office of the U.S. Attorney
>      for the Southern District of Texas,
>      Brownsville Division
>  Garza-Vela Court House
>  600 E. Harrison St.
>  Brownsville, Texas 78521

Dated at Brownsville, Texas this 12th day of November, 2002.

_____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIO TUNCHEZ,                       )
                                     )
        Petitioner                   )
                                     )
vs.                                  )   Civil Action No. B-02-098
                                     )   Criminal No. B-98-158
UNITED STATES OF AMERICA,            )
                                     )
        Respondent                   )

<u>ORDER</u>
<u>re:</u>
<u>MOTION TO STRIKE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
<u>AS PREMATURE</u>

THIS HONORABLE COURT, having considered the within motion and response, having taken testimony, if any, and having heard the arguments of counsel, and being advised in the premises, hereby orders that:

The motion is hereby granted and the Magistrate Judge's Second Report and Recommendation dated October 17, 2002 (Docket No. 9) is hereby stricken; [or]

The motion is hereby denied.

Done at Brownsville, Texas, this _____ day of _____ , 2002 .

- - - - - - - - - - - - - - - - - - -
BY THE COURT

Entered on the docket this ____ day of _____ , 200 __ ,
by deputy clerk: _____ .

Exhibit 1

attached to the Motion to Strike

filed in

*Tunchez v. U.S.*

Civil Action No. B-02-098
(Criminal No. B-98-158)

in the United States District Court

for the Southern District of Texas,

Brownsville Division

```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                        BROWNSVILLE DIVISION


MARIO TUNCHEZ,                    )
                                  )
      Petitioner                  )
                                  )
vs.                               )   Case No. _____
                                  )
UNITED STATES OF AMERICA,         )
                                  )
      Respondent                  )
```

### INDEX to EXHIBITS
### ATTACHED TO AMENDED MOTION FOR POST-CONVICTION RELIEF
### PURSUANT TO 28 U.S.C. §2255

| TAB | DOCUMENT |
|---|---|
| 1 | Indictment |
| 2 | Trial Transcript |
| 3 | Docket Sheet |
| 4 | Unpublished opinion of the U.S. Court of Appeals for the Fifth Circuit |
| 5 | Denial dated May 14, 2001, of the U.S. Supreme Court of the Petition for Writ of Certiorari |
| 6 | Transcript of Voir Dire Proceedings |
| 7 | Transcript of Sentencing |
| 8 | Proposed order re jury questionnaire |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIO TUNCHEZ, | ) |
| Petitioner | ) ) ) |
| vs. | ) ) Case No. _____ |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent | ) |

ORDER
Propounding Questionnaire to Members of Petit Jury Panel

THIS HONORABLE COURT, having considered the within motion of the Petitioner and the Response, and having taken testimony, if any, and having heard the arguments of counsel, and being advised in the premises, hereby orders that:

The clerk or his designee shall cause to be propounded by certified mail to the last known address of the petit jurors in the petitioner's trial the questionnaire that is attached to this order. The questionnaire shall be mailed within ten days of the date of this order. At petitioner's expense a pre-stamped envelope shall accompany the questionnaire, to be returned to the clerk. The names and addresses of those petit jurors that do not respond within thirty days of the date of this order shall be furnished to counsel for the petitioner who may cause personal contact to be made with such jurors during reasonable hours.

Done at Brownsville, Texas, this _____ day of _____ , 200 \_\_ .

- - - - - - - - - - - - - - - - - - -
BY THE COURT

Entered on the docket this \_\_\_\_ day of _____ , 200 \_\_ ,
by deputy clerk: _____ .

Clerk of the United States District Court
Garza-Vela Court House
600 E. Harrison
Brownsville, Texas 78521

Dear Juror:

Our records show that you were one of the twelve jurors who sat in deliberation in the case of U.S. v. Mario Tunchez. You will recall that this was a three day trial, occurring in Brownsville, Texas, from May 11th till May 13th, 1998.

Pursuant to Rule 606(b) this letter makes an inquiry whether "extraneous prejudicial information was improperly brought to the jury's attention."

You will likely recall that when you were chosen for the jury, on April 28, 1998, two defendants presented themselves as not guilty. Later at trial, only one defendant continued to plead guilty and one testified against the defendant who continued to plead not guilty.

This letter asks you the following: whether the fact that you first witnessed two defendants who plead not guilty when you were chosen for the jury, but then later, at trial, saw only one defendant, the other having plead guilty in the meantime, affected your consideration of the case? Please answer "yes" or "no" here: _____ (your response).

If you answered "yes," please let us know how that affected your determination of guilt:




Thank you for responding to this questionnaire. Please return this document to us in the mail within seven days of your receiving it.


Very truly yours,


Clerk, U.S. District Court
Brownsville, Texas