15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 5 2002

Michael N. Milby
Clerk of Court

MARIO TUNCHEZ,     )
          )
  Applicant    )
          )
vs.        )  Civil No. B-02-CV-98
          )  (CR B-98-158-02)
UNITED STATES OF AMERICA, )
          )
  Respondent   )

## APPLICANT'S OBJECTIONS TO
## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW the Applicant, Mario Tunchez, represented by counsel, and hereby files substantive objections to the Magistrate Judge's Amended Report and Recommendation (Docket Doc. No. 14), filed November 14, 2002, and hereby states to this Honorable Court as follows:

### I. Procedural History.

### A.

  Jury bias is the gravamen of applicant's § 2255 motion. To that end a single-page letter was attached to said motion. It was Exhibit 8 to the § 2255 motion.[1]  It is attached hereto as Exhibit 1.  The § 2255 motion merely asked the district court to query the petit jurors with a one-page letter.  The

---

[1] Due to a misunderstanding with the clerk's office in a phone call, the original § 2255 motion (initiating this matter and timely filed on May 13, 2002) was denominated by counsel as an "Amended [§ 2255] Motion."  It is District Court Docket No. 1.  Note, however, that the so-called "Amended Motion" was the only § 2255 motion filed.

single-page letter was formulated to query the applicant's petit jurors about the existence of any extraneous influence. This is permitted by F. R. Evid. 606(b) and *Pyles v. Johnson*, 136 F.3d 986 (5th Cir. 1998). The extraneous influence at issue was whether the applicant's jurors were either actually or impliedly biased, thereby violating the applicant's due process and Sixth Amendment rights. The letter merely asked whether the following was extraneous, prejudicial information that was brought to their attention: the trial dynamics surrounding the jury's <u>witnessing</u> of the codefendant's change in plea from  innocent to guilty without contemporaneous instruction coupled with the "in and of itself" language of Fifth Circuit Pattern Jury Instruction 1.15 that in pertinent part instructed the jury that the guilty plea of the codefendant could be considered in part as evidence of the applicant's guilt; to-wit: "The fact that an accomplice has entered into a plea of guilty to the offense charged is not evidence <u>in and of itself</u> of the guilt of any other person." Tunchez Trial Transcript (May 11-13, 1998), p. 380.[2]

B.

The district court denied the § 2255 motion on August 16, 2002 (District Court Docket Doc. No. 6). A notice of appeal was timely filed on August 30, 2002 (District Court Docket Doc. No. 7). An application for COA was made on

---

[2]  The condensed Tunchez trial transcript of May 11-13, 1998, is a single volume and is attached to the applicant's § 2255 motion as Exhibit 2.

November 6, 2002 (District Court Docket Doc. No. 10).[3]  In
response, the magistrate judge issued an Amended Report and
Recommendation (hereinafter "R & R") on November 14, 2002
(Doc. #14).  This objection responds to District Court Docket
Doc. No. 14, filed on November 14, 2002, entitled "Magistrate
Judge's Amended Report and Recommendation."

II.

ANY CONSIDERATION, REVIEW, OR RECOMMENDATION BY THE
HONORABLE MAGISTRATE JUDGE VIOLATES THE PLAIN
STATUTORY LANGUAGE OF 28 U.S.C. § 2253 (GOVERNING
HABEAS APPEALS).

A.    28 U.S.C. § 2253

The Honorable Magistrate Judge, Felix Recio, Jr., has
set forth an amended report and recommendation with respect
to applicant's application for COA.  *See* Magistrate Judge's
Amended Report and Recommendation (Docket Doc. No. 14) was
filed on November 14, 2002.  However, the magistrate judge
has no authority to issue any report and recommendation.

---

[3]  Paragraph 19 of the Application for COA, filed on November 6, 2002,
requested a COA as to the following four issues; to-wit:  "Suggesting
that the district court erred in its consideration of the applicant's
motion for post-conviction relief pursuant to 28 U.S.C. § 2255, the
applicant seeks a COA with respect to the errors of the district court
with respect to the following issues:

A.    failing to consider the single-page jury
questionnaire attached to the § 2255 petition and
incorporated therein as a request for discovery under the
applicable rules;

B.    incorrectly applying the law of the case
doctrine to foreclose consideration of the motion for post-
conviction relief over the applicant's objections;

C.    failing to order an evidentiary hearing on the
issue of actual jury bias;

D.    failing to order an evidentiary hearing on the
presumption of implied jury bias (citation in footnote
omitted)."

Such procedure violates the express statutory language of 28 U.S.C. § 2253. Specifically, the Congressional scheme of appellate review for federal prisoners whose § 2255 motions have been denied does not require review by a magistrate judge. Appeal from the denial of a COA is governed by 28 U.S.C. § 2253, subject to the U.S. Constitution. § 2253 reads in full as follows:

(a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)   (1)   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A)   the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)   the final order in a proceeding under section 2255.

(2)   A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)   The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The plain language authorizes only a circuit justice or judge to review an application for COA. *See* 28 U.S.C. § 2253(c)(1). Neither review, report nor recommendation by a magistrate is anywhere authorized. *Id.* Thus, applicant suggests that such Amended R & R not be taken into consideration by the District Judge. *See* 28 U.S.C. § 2253.

### III.

**THE GENERAL ORDER OF THE DISTRICT COURT TO THE MAGISTRATE JUDGE IS NOT A PROPER REFERRAL ORDER THAT COMPLIES WITH 28 U.S.C. § 636(b)(3) BECAUSE IT VIOLATES ARTICLE III.**

#### A.

#### 1.

Local Rule 72 of the U.S. District Court for the Southern District of Texas is attached hereto as Exhibit 2.[4] It states that "[t]he magistrate judges of this District are authorized to perform all duties allowed by law, including the provisions of 28 U.S.C. § 636 and General Order 2001-6. General Order 2001-6, signed by the Honorable Chief Judge Kazen, is attached hereto as Exhibit 3. It was entered on May 3, 2001.

Approximately two months later (July 13, 2001) the Fifth Circuit decided *United States v. Johnston*, 258 F.3d 361 (5th Cir. 2001). It holds by a 2 to 1 majority that even the consensual delegation to a magistrate judge of § 2255 motions is unconstitutional. Its rationale, roughly, is that no

---

[4]  The Local Rules of the Southern District of Texas are published on-line (on the world-wide web) at: http://www.txs.uscourts.gov/dclclrl/civ72.htm. Local Rule 72 of the Southern District of Texas appears at: http://www.txs.uscourts.gov/dclclrl/civ72.htm.

Article I judge should have the authority to set aside the judgment entered by an Article III judge. *Johnston* is directly applicable to the facts of this matter. Applicant respectfully suggests that although the current procedure is to have the district court sign off on the R & R of the magistrate judge, this is but a *pro forma* compliance with *Johnston* that continues to violate Article III of the U.S. Constitution as articulated by Justice DeMoss in *Johnston*.

2.

Evidence that the compliance with *Johnston* is pretextual is the plain language of the magistrate's R & R, advising a party that the "failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court." *See* Magistrate Judge's Third Report and Recommendation (Docket Doc. No. 14), filed November 14, 2002, slip op., at 6 (citing *Douglass v. U.S. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). The magistrate cites *Douglass* even though its holding violates the *Johnston, supra.*

IV.

**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ERRONEOUSLY CONCLUDES THAT NO CONSTITUTIONAL RIGHT WAS DENIED.**

The Magistrate Judge's Amended Report and Recommendation (Docket Doc. No. 14; Nov. 14, 2002) represents that the applicant "makes no valid claims that detail a denial of a constitutional right." Magistrate Judge's Amended Report and Recommendation (Docket Doc. No. 14; Nov. 14, 2002), slip op., p. 6. While it is true that the notice of appeal construed as an application for COA set forth no constitutional claims, the Application for COA filed on November 6, 2002 (Docket Doc. No. 10) solely that jury bias in violation of both Due Process and 6th Amendment rights were at issue. The Application for COA stated as follows:

> Thus, the issue for factual resolution as presented in the § 2255 motion was jury bias (actual and implied); namely, whether the trial mechanics undercut the jury's presumption of the applicant's innocence, thereby lowering the standard of proof necessary for the government to convict. *Cool v. United States*, 409 U.S. 100, 105 (1972).

Application for COA filed on November 6, 2002 (Docket Doc. No. 10), ¶ 22.

It was the failure of the district court to order discovery in order to permit the applicant an opportunity to show that the unconstitutional dynamic of jury bias motivated the verdict that is now at issue. This is clearly a constitutional issue and was clearly set forth in the applicant's Application for COA filed on November 6, 2002 (Docket Doc. No. 10).

As presented in the Application for COA filed on November 6, 2002 (Docket Doc. No. 10), the Application identified the following error:

> To test the fundamental, constitutional issue
> of factual jury bias, a short, succinct jury
> questionnaire designed within the parameters of
> Fed. R. Evid. 606(b) was drafted. It was attached
> to the original petitioner filed pursuant to 28
> U.S.C. § 2255. The court should have treated and
> considered the single-page jury questionnaire as a
> request for discovery under Rule 6 of the District
> Court Rules Governing Section 2255 Cases.

Application for COA filed on November 6, 2002 (Docket Doc.

No. 10), ¶ 23.

### V.

**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ERRONEOUSLY CONCLUDES THAT THE ISSUES ARE NOT DEBATABLE AMONG REASONABLE JURISTS.**

The Magistrate Judge's Amended Report and Recommendation

(Docket Doc. No. 14; Nov. 14, 2002) represents that the

applicant "can not show that the issues are debatable amongst

reasonable jurists." Magistrate Judge's (second) Report and

Recommendation (Docket Doc. No. 14; Nov. 14, 2002), slip op.,

p. 6. Admittedly, the notice of appeal construed by the

Magistrate Judge set forth no analysis on this point.

However, the Application for COA filed on November 6, 2002

(Docket Doc. No. 10) articulated the following analysis:

> The applicant suggests that the denial of the
> applicant's Due Process (because of his denial of
> Sixth Amendment rights) is substantially shown by
> the district court docket notes, the voir dire
> transcript, and the trial transcript (all of which
> were submitted as exhibits with the § 2255 motion)
> and the unique facts of this case as follows:(1)
> only two defendants; (2) the appearance of both
> applicant and codefendant participating in jury
> voir dire, having pleaded not guilty; (3) the same
> petit jury witnessing the applicant as the sole
> defendant on the morning of trial; (4) the same
> petit jury's first finding out about the change of
> codefendant's plea from innocent to guilty during
> the government's opening statement; (5) the lack of
> any cautionary instruction <u>at any time during the</u>

> trial and particularly not contemporaneously with
> the jury's witnessing the change in co-defendant's
> plea; (6) the inclusion of the "in and of itself"
> language in Fifth Circuit Pattern Jury Instruction
> No. 1.15, literally instructing the jury that any
> evidence in addition to the guilty plea of the
> codefendant could be used to convict the applicant;
> and, finally, the (7) weak evidence as demonstrated
> by a careful reading of the totality of the trial
> transcript.

Application for COA filed on November 6, 2002 (Docket Doc.

No. 10), ¶ 21.    And the Application also articulated as

follows:

> [I]n this matter, it is respectfully suggested that
> the applicant established a record upon reasonable
> jurists would have asked whether there was either
> actual or implied jury bias at work in this verdict
> of this unusual case.  *See Smith v. Phillips*, 455
> U.S. 209, 225 (U.S. 1982) (bias in the minds of the
> jurors may be implied given unusual and aggravating
> circumstances).  [¶]29.    At a minimum, reasonable
> jurists would have thought that the question of
> either actual or implied jury bias was adequate to
> deserve encouragement to proceed further by
> ordering the proposed jury questionnaire to be sent
> to members of the applicant's petit jury.    *See
> Barefoot*, 463 U.S. at 893, n. 4.

Application for COA filed on November 6, 2002 (Docket Doc.

No. 10), ¶ 28-9.    Thus it is respectfully suggested that the

applicant did in fact show that the issues presented were

debatable among reasonable jurists, contrary to the

conclusion of the Amended R & R.

### VI.

> THE MAGISTRATE JUDGE'S AMENDED REPORT AND
> RECOMMENDATION ERRONEOUSLY FAILS TO IDENTIFY ANY
> ISSUE OF THE FOUR PRESENTED ON WHICH A SUBSTANTIAL
> SHOWING OF THE VIOLATION OF A CONSTITUTIONAL RIGHT
> FAILED TO BE MADE AND THEREFORE FALLS SHORT OF
> COMPLYING WITH THE REQUIREMENTS OF 28 U.S.C. § 2253
> THAT SUCH ISSUES BE IDENTIFIED.

The Magistrate Judge's Amended Report and Recommendation (Docket Doc. No. 14; Nov. 14, 2002) paints with a broad brush and fails to specify which of the four issues raised in Applicant's Application for COA filed on November 6, 2002 (Docket Doc. No. 10) have been ruled upon.  The applicant respectfully suggests that this error be remedied by an independent and de novo review of Applicant's Application for COA filed on November 6, 2002 (Docket Doc. No. 10) by the District Court and a rejection in full of the Amended R & R.

### VII.

In sum, it is respectfully suggested that the district court denied the applicant the proper procedural vehicle of discovery on the facts of this unusual case in which the basic fair trial process was aborted, echoing the types of cases that are serious constitutional violations: *Payne v. Arkansas*, 356 U.S. 560 (1958) (use of coerced confession), *Gideon v. Wainwright*, 372 U.S. 335 (1963) (denial of counsel), and *Tuney v. Ohio*, 273 U.S. 510 (1927) (biased adjudicator).  Applicant therefore objects to the Magistrate Judge's Second Report and Recommendation for the foregoing reasons.

### VIII.

It is respectfully requested that the Court take judicial notice of documents in this matter pursuant to Fed. R. Evid. 201.

## IX.    CONCLUSION

**WHEREFORE,** premises considered, the applicant respectfully requests this Honorable Court reject the Magistrate Judge's Amended Report and Recommendation (Docket Doc. No. 14) and grant the application for a certificate of appealability with respect to whether the district court erred with respect to the following four issues:

1.    failing to consider the single-page jury questionnaire attached to the § 2255 petition and incorporated therein as a request for discovery under the applicable rules;

2.    incorrectly applying the law of the case doctrine to foreclose consideration of the motion for post-conviction relief over the applicant's objections;

3.    failing to order an evidentiary hearing on the issue of actual jury bias; and

4.    failing to order an evidentiary hearing on the presumption of implied jury bias.

Respectfully submitted,

*Jon Karl Schmid*

Jon Karl Schmid
Attorney at Law
1201 E. Van Buren
P. O. Box 350
Brownsville, Texas 78522-0350
(956) 542-7441
Attorney for Applicant
Southern Dist. Tx. Bar #21303
Colorado State Bar #015224

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate photocopy of the foregoing Objections to the Magistrate Judge's Amended Report and Recommendation (Docket Doc. No. 14; Oct. 14, 2002) has been hand-delivered to the following counsel of record for the respondent, addressed as follows:

> Mark Dowd, Esq.
> Assistant U.S. Attorney
> Office of the U.S. Attorney
>   for the Southern District of Texas,
>   Brownsville Division
> Garza-Vela Court House
> 600 E. Harrison St.
> Brownsville, Texas 78521

Dated at Brownsville, Texas this 25th day of November, 2002.

_Jon Karl Schie_

**Exhibit 1**

**attached to the Applicant's Objections**
**(filed on Nov. 25, 2002)**
**to the Magistrate Judge's Amended Report and Recommendation**

**filed in**

***Tunchez v. U.S.***

**Civil Action No. B-02-098**
**(Criminal No. B-98-158)**

**in the United States District Court**

**for the Southern District of Texas,**

**Brownsville Division**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIO TUNCHEZ,                  )
                                )
        Petitioner              )
                                )
vs.                             )    Case No. ___B-02·098___
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent              )

ORDER
Propounding Questionnaire to Members of Petit Jury Panel

THIS HONORABLE COURT, having considered the within motion of the Petitioner and the Response, and having taken testimony, if any, and having heard the arguments of counsel, and being advised in the premises, hereby orders that:

The clerk or his designee shall cause to be propounded by certified mail to the last known address of the petit jurors in the petitioner's trial the questionnaire that is attached to this order. The questionnaire shall be mailed within ten days of the date of this order. At petitioner's expense a pre-stamped envelope shall accompany the questionnaire, to be returned to the clerk. The names and addresses of those petit jurors that do not respond within thirty days of the date of this order shall be furnished to counsel for the petitioner who may cause personal contact to be made with such jurors during reasonable hours.

Done at Brownsville, Texas, this _____ day of _____ , 200 ___ .

- - - - - - - - - - - - - - - -
BY THE COURT

Entered on the docket this ____ day of _____ , 200 __ ,
by deputy clerk: _____ .

Clerk of the United States District Court
Garza-Vela Court House
600 E. Harrison
Brownsville, Texas 78521

Dear Juror:

Our records show that you were one of the twelve jurors who
sat in deliberation in the case of U.S. v. Mario Tunchez.
You will recall that this was a three day trial, occurring in
Brownsville, Texas, from May 11th till May 13th, 1998.

Pursuant to Rule 606(b) this letter makes an inquiry whether
"extraneous prejudicial information was improperly brought to
the jury's attention."

You will likely recall that when you were chosen for the
jury, on April 28, 1998, two defendants presented themselves
as not guilty.  Later at trial, only one defendant continued
to plead guilty and one testified against the defendant who
continued to plead not guilty.

This letter asks you the following: whether the fact that you
first witnessed two defendants who plead not guilty when you
were chosen for the jury, but then later, at trial, saw only
one defendant, the other having plead guilty in the meantime,
affected your consideration of the case?  Please answer "yes"
or "no" here: _____ (your response).

If you answered "yes," please let us know how that affected
your determination of guilt:

Thank you for responding to this questionnaire.  Please
return this document to us in the mail within seven days of
your receiving it.

Very truly yours,

Clerk,  U.S. District Court
Brownsville, Texas

**Exhibit 2**

**attached to the Applicant's Objections**
**(filed on Nov. 25, 2002)**
**to the Magistrate Judge's Amended Report and Recommendation**

**filed in**

***Tunchez v. U.S.***

**Civil Action No. B-02-098**
**(Criminal No. B-98-158)**

**in the United States District Court**

**for the Southern District of Texas,**

**Brownsville Division**



# *United States District and Bankruptcy Courts*
### *Southern District of Texas*

**Court Records**
...bone Numbers, Office
...rneys, Selected

**Rules and US Code**
District Local, Bankruptcy Local, Federal Rules of Civil
Procedure, Federal Rules of Criminal Procedure, Federal
Rules of Bankruptcy Procedure, Federal Rules of
Evidence, Federal Rules of Appellate Procedure and 5th
Circuit Rules, US Code

**Fees and Requirements**
District Court, Bankruptcy Court, Transcripts

**Practice**
Admission, Judges' Procedures,
Bankruptcy Judges' Calendars, Office Locations, Fax
Noticing, Post-judgment Interest Rates, Approved
Sureties, ADR Provider List, Submit Chapter 11 Agenda,
Electronic Case Filing

**Services**
Bankruptcy Schedules, Transcripts, Court Records
(PACER), Statistics, ADR Provider List, Courtroom
Technology Video

**General Interest**
Court History, Other Sites of Interest, Job Opportunities,
Naturalization Records, Districts in Texas

## News

- Order Regarding Chapter 13 Attorney's Fees
  (General Order 1998-4 Superseded)
  (September 10, 2002)

- General Order 2002-9
  Protecting Personal Privacy in Public Case
  Files, amended 7/22/2002.
  (July 23, 2002)

- General Order 2002-4
  Filing Documents Electronically per
  Amended Bankruptcy Local Rule 5005.
  effective 3/18/2002.
  (June 14, 2002)

- Seminars and Workshops: *"Winning
  Commercial Cases in Federal Courts "* to be
  held on 09/20/02
  (August 5, 2002)

- News Archives

*Last Updated  Oct 18 03:13:41 2002*
*Send Comments To:  info@www.txs.uscourts.gov*
*© Copyright 2001 US Courts Southern District of Texas*



Southern District of Texas
*District Court General Orders and Local Rules*

### General Orders

s for Coordination of Criminal Procedures
and Procedures for United States Magistrate Judges

**Local Rules**
(Download)
Civil Rules I Criminal Rules
Supplemental Admiralty Rules I Supplemental Habeas Corpus Rules
Appendices

**Civil Rules**

LR3. COMMENCEMENT OF ACTION
LR4. SUMMONS
LR5. FILING REQUIREMENTS
    LR5.1 Place of Filing
    LR5.2 Original and Copy
    LR5.3 Related Litigation Policy
    LR5.4 Certificate of Service
    LR5.5 Discovery Not Filed
    LR5.6 Service of Pleadings and Other Papers
LR7. CIVIL PRETRIAL MOTION PRACTICE
    LR7.1 Form
    LR7.2 Unopposed Motions
    LR7.3 Submission
    LR7.4 Responses
    LR7.5 Oral Submission
        A. By Request
        B. By Order
    LR7.6 Consolidation
    LR7.7 Supporting Material
    LR7.8 Hearing
LR10. FORM OF PLEADINGS
    LR10.1 Caption
    LR10.2 Format
LR11. SIGNING OF PLEADINGS, MOTIONS AND OTHER PAPERS BY
ATTORNEY IN CHARGE
    LR11.1 Designation
    LR11.2 Responsibility
    LR11.3 Signing of Pleadings
        A. Required Information
        B. Allowed Information
    LR11.4 Sanctions
LR16. CIVIL PRETRIAL PROCEEDINGS
    LR16.1 Civil Initial Pretrial Conference; Scheduling Order
    LR16.2 Pretrial Order
    LR16.3 Notice of Settlement
    LR16.4 Alternative Dispute Resolution
        A. ADR Methods Available
        B. Timing of ADR Decision
        C. ADR Referral
        D. Opposition to ADR Referral, ADR Method or ADR Provider
        E. Standing Panel, ADR Administrator and List of Providers
        F. Attendance; Authority to Settle
        G. Fees
        H. Binding Nature
        I. Confidentiality, Privileges and Immunities
        J. Standards of Professional Conduct and Disqualificaiton of ADR Providers
        K. Conclusion of ADR Proceedings
        L. Evaluations
        M. Sanctions
LR26. DISCOVERY
    LR26.1 Use of Discovery
    LR26.2 Placement of Discovery
LR30. DEPOSITIONS
    LR30.1 Video-Taped Depositions
LR33. INTERROGATORIES
    LR33.1 Limitation of Interrogatories
LR38. JURY TRIALS
    LR38.1 Jury Demand
LR44 PROOF OF OFFICIAL RECORD
    LR44.1 Authentication of Exhibits
LR46 OBJECTIONS TO EXHIBITS
LR47 JUROR CONTACT
LR54 COSTS

LR54.1 Deposit for Costs
LR54.2 Bill of Costs
LR65 BOND PROCEDURE
    LR65.1 Sureties
    LR65.2 Non-Assignability of Receipts
LR72 UNITED STATES MAGISTRATE JUDGES
LR79 BOOKS AND RECORDS KEPT BY THE CLERK
    LR79.1 Withdrawal of Instruments
    LR79.2 Disposition of Exhibits
LR81 REMOVAL
LR83 MISCELLANEOUS LOCAL RULES
    LR83.1 Admission to Practice
        A. Eligibility
        B. Division
        C. Application
        D. Committee on Admissions
        E. Action on the Application
        F. Uncompensated Assignments
        G. Workshop
        H. Expiration
        I. Oath
        J. Fee
        K. Practice Without Admission
        L. Conduct of Attorneys
    LR83.2 Withdrawal of Counsel
    LR83.3 Notices
    LR83.4 Change of Address
    LR83.5 Parties' Agreement
    LR83.6 Preserving Confidentiality
        A. Civil Actions
        B. Jurors' Names
    LR83.7 Electro-Mechanical Devices
    LR83.8 Courtroom Behavior

                                            **Criminal Rules**

CrLR6. GRAND JURY WITNESSES
CrLR12. CRIMINAL PRETRIAL MOTION PRACTICE
        CrLR12.1. Implementation
        CrLR12.2. Form
        CrLR12.3. Responses
        CrLR12.4. Service
        CrLR12.5. Submission
CrLR23. TRIAL
        CrLR23.1. Free Press-Fair Trial Guidelines
        CrLR23.2. Electro-Mechanical Devices
CrLR24. JURIES
        CrLR24.1. Juror Contact
        CrLR24.2. Jurors' Names
CrLR32. SENTENCING PROCEDURES
        CrLR32.1. Waiver of the Presentence Investigation
        CrLR32.2. Order of Presentence Investigation and Initial Disclosure Date
        CrLR32.3. Presence of Counsel
        CrLR32.4. Delivery
        CrLR32.5. Counsel's Duty
        CrLR32.6. Objections
        CrLR32.7. Final Report
        CrLR32.8. Availability
        CrLR32.9. Effect
        CrLR32.10. Sentencing Date
        CrLR32.11. Limitation
CrLR46. BOND PROCEDURE
        CrLR46.1. Sureties and Non-Assignability of Receipts
        CrLR46.2. Return of Criminal Bond Deposits
CrLR49. FILING OF PAPERS
        CrLR49.1 Place of Filing
        CrLR49.2 Original and Copy
CrLR55. RECORDS
        CrLR55.1. Withdrawal of Instruments
        CrLR55.2. Exhibits at Criminal Trials
        A. Authentication of Exhibits
        B. Objections to Exhibits
        C. Disposition of Exhibits
CrLR57. MISCELLANEOUS RULES
        CrLR57.1. United States Magistrate Judges
        CrLR57.2 Courtroom Behavior
CrLR58. PROCEDURE FOR MISDEMEANORS AND OTHER PETTY OFFENSES
        CrLR58.1. Forfeiture of Collateral in Lieu of Appearance

                                    **Supplemental Admiralty Rules**

A. DESIGNATION AS "ADMIRALTY CASE"
E. ADMIRALTY SALES
        E.1 Notice
        E.2 Payment
        E.3 Default
        E 4 Objections

Southern District of Texas District Court Local Rules

**Supplemental Habeas Corpus Rules**

1. STAYS OF EXECUTION
   A. Application Requirements
   B. Appeal
   C. Successive Applications

## Appendices

APPENDIX A: RULES OF DISCIPLINE
APPENDIX B: JOINT PRETRIAL ORDER
APPENDIX C: COURTROOM ETIQUETTE
APPENDIX D: GUIDELINES FOR PROFESSIONAL CONDUCT

*Last Updated  Oct 18 03:12:09 2002*
*Send Comments To:  info@www.txs.uscourts.gov*
© *Copyright 2001 US Courts Southern District of Texas*

## LR72. UNITED STATES MAGISTRATE JUDGES

The magistrate judges of this District are authorized to perform all duties allowed by law, including the provisions of 28 U.S.C. § 636 and General Order 2001-6. These local rules apply to proceedings before a magistrate judge.

**Exhibit 3**

**attached to the Applicant's Objections**
**(filed on Nov. 25, 2002)**
**to the Magistrate Judge's Amended Report and Recommendation**

**filed in**

***Tunchez v. U.S.***

**Civil Action No. B-02-098**
**(Criminal No. B-98-158)**

**in the United States District Court**

**for the Southern District of Texas,**

**Brownsville Division**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF | § | Entered May 3, 2001 |
| JURISDICTION AND PROCEDURES | § | |
| FOR DUTIES ASSIGNED TO | § | GENERAL ORDER NO. 2001-6 |
| UNITED STATES MAGISTRATE JUDGES | § | |
| IN THIS DISTRICT | § | |

<u>ORDER</u>

**ARTICLE I.      AUTHORITY OF MAGISTRATE JUDGES**

    **A.      General Designation.**

A magistrate judge of this district is designated to perform, and may be assigned, any duty allowed by 28 U.S.C.§636 or any other law.  In performing any  duty, a  magistrate judge may determine preliminary matters; require parties, attorneys, and witnesses to appear; require briefs, proofs, and argument; and conduct any hearing, conference, or other proceeding the magistrate judge deems appropriate.  Duties which may be performed by a magistrate judge include:

    1.    Conducting arraignments in criminal cases not triable by a magistrate judge and taking not guilty pleas in such cases;

    2.    Receiving grand jury returns in accordance with Rule 6(f), Federal Rules of Criminal Procedure;

    3.    Accepting waivers of indictment, pursuant to Rule 7(b), Federal Rules of Criminal Procedure;

    4.    Conducting voir dire and selecting petit juries for the district court, to the extent allowed by law;

5.      Accepting petit jury verdicts in civil cases in the absence of a district judge;

6.      Conducting necessary proceedings leading to the potential revocation of probation;

7.      Ordering the exoneration of forfeiture bonds;

8.      Issuing subpoenas, writs of habeas corpus ad testificandum or habeas corpus ad prosequendum, or other orders necessary to obtain the presence of parties, witnesses or evidence needed for court proceedings;

9.      Conducting proceedings under Rules Governing §2254 Cases and §2255 Proceedings;

10.     Conducting examinations of judgment debtors in accordance with Rule 69, Federal Rules of Civil Procedure;

11.     Performing the functions specified in 18 U.S.C. §§ 4107, 4108, and 4109 regarding proceedings for verification of consent by offenders to transfer to or from the United States and the appointment of counsel therein;

12.     Performing any other duties not inconsistent with the Constitution and the laws of the United States.

2

**B.     Special Designation to Exercise Civil Consent Authority (28 U.S.C. §636(c)).**

Upon the consent of the parties, a district judge may assign a full-time magistrate judge to conduct any or all proceedings in any jury or nonjury civil matter and order the entry of judgment in the case.

**C.     Special Designation to Conduct Misdemeanor Trials (18 U.S.C. §3401).**

A magistrate judge may try persons accused of misdemeanor offenses and sentence persons convicted of misdemeanor offenses.

**ARTICLE II.          ASSIGNMENT OF MATTERS TO MAGISTRATE JUDGES**

**A.     Criminal Cases.**

**1.     Misdemeanor Cases.** Upon the filing of an information, complaint or violation notice, or the return of an indictment, all misdemeanor cases shall generally be assigned to a magistrate judge, who shall proceed in accordance with the provisions of 18 U.S.C. § 3401 and Rule 58, Federal Rules of Criminal Procedure. Unless the assignment procedure is modified by the district judges in a particular division, misdemeanor cases shall be assigned to the duty magistrate judges in each division.

**2.     Felony Cases.** Upon the return of an indictment or the filing of an information, all felony cases shall be assigned initially by the clerk of the court to a magistrate judge for the conducting of the initial appearance and arraignment. Thereafter, the district judge to whom the case is assigned may refer the case to a magistrate judge for such pretrial conferences as necessary,

3

and for the hearing and determination or recommendation as to all pretrial procedural and discovery motions.

### B.    Civil Cases.

A district judge may refer any civil case to a magistrate judge for the conduct of conferences, hearings and other proceedings, and for the hearing and determination of all pretrial procedural and discovery motions.  Where the parties consent to trial and disposition of a case by a magistrate judge under Subsection B of Article I, above, such case shall, upon the approval of the district judge to whom it is assigned, be reassigned to a magistrate judge for the conduct of all further proceedings and the entry of judgment.

### C.    Reservation.

Nothing in this order shall preclude  any district judge from reserving any proceeding for conduct by a district judge, rather than a magistrate judge.

## ARTICLE III.    PROCEDURES FOR CIVIL CONSENT CASES - 28 U.S.C. §636(c); Rule 73, Fed. R. Civ. P.

### A.    Notice of Consent Option.

Upon the filing or removal of a complaint in a civil case, the clerk of court will give plaintiff, plaintiff's counsel, or counsel for the removing party a court-approved notice informing the parties that they may consent to have a magistrate judge conduct all further proceedings in the case and order the entry of final judgment.  Such notice shall be given to the other parties as attachments to copies of the complaint and summons, when served.  Additional notices may be furnished to the parties at later stages of the proceedings, and may be included with pretrial notices and instructions.

4

### B.   Execution of Consent.

The plaintiff or removing party, or their counsel, shall be responsible for securing the execution of a consent form by the parties and for filing such form with the clerk of court. The parties may file joint or separate consent forms. A district judge or magistrate judge may inform the parties, at any time, that they have the option of referring a case to a magistrate judge, but in doing so, the judge shall also advise the parties that they are free to withhold consent without adverse substantive consequences.

### C.   Reference.

After the consent form has been executed and filed, the clerk shall transmit it to the district judge to whom the case has been assigned for approval and referral of the case to a magistrate judge. If the district judge refers the case to a magistrate judge, the magistrate judge shall have authority to conduct any and all proceedings to which the parties have consented and to direct the clerk of court to enter a final judgment in the same manner as if a district judge had presided.

### D.   Party Added After Consent Occurs.

A party added to a civil case after reference of the case to a magistrate judge on consent will be given an opportunity to consent to the continued exercise of case-dispositive authority by the magistrate judge. The clerk shall give the added party an unexecuted copy of the notice described in Subsection A, above. If the party chooses to consent, it must, within 14 days of its appearance, file with the clerk the notice denoting its consent signed by the party or its attorney. Should the party not file a notice of consent, the case will be returned to the assigned district judge for all further proceedings.

5

**ARTICLE IV.        APPEAL OF MAGISTRATE JUDGE RULINGS**

Appeals of magistrate judge rulings are governed by Rules 72 and 73, Fed. R. Civ. P. and 28 U.S.C. §636.  Appeal of a special master report filed by a magistrate judge is governed by the applicable rule in the Federal Rules of Civil Procedure.  Appeal of a judgment of conviction by a magistrate judge in a misdemeanor case shall be in accordance with the provisions of Rule 58(g), Federal Rules of Criminal Procedure.

This General Order supersedes General Orders Nos. 80-5 and 91-30 and is adopted by the Judges of this Court, effective the ___3rd__ day of __May__, 2001.

```
                        \s\
        _____
        George P. Kazen
        Chief United States District Judge
```

6