HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE

United States District Court
Southern District of Texas
RECEIVED

DEC 3 - 2002

Jon Karl Schmid*
Attorney at Law
1201 E. Van Buren
P. O. Box 350
Brownsville, Texas 78522-0350
(956) 542-7441

December 2, 2002; Hand-delivered

United States District Court
Southern District of Texas
FILED

DEC 0 3 2002

Michael N. Milby
Clerk of Court

The Honorable Hilda G. Tagle,
Judge,
United States District Court
   for the Southern District of Texas,
   Brownsville Division
600 E. Harrison
Brownsville, Texas

C AB-02-98

Re: U.S. v. Mario Trevino Tunchez;
    U.S. D. Ct. [redacted] 98-CR-158-2)

Dear Judge Tagle:

   Enclosed herewith as supplemental authority for the Amended Application for Certificate of Authority (hereinafter "COA") is an excerpt from the 5th Circuit's recent *en banc* slip opinion in *U.S. v. Herrera*, No. 00-51177 (5th Cir. Nov. 26, 2002) (*per curiam*).

   The relevant three pages are excerpted and enclosed from the *Herrera* case. The 5th Circuit writes, "But, under our constitutional concepts of separation of powers, only Congress can define what constitutes "regular use" and what constitutes "an extended period of time"; and neither the prosecutor nor the jury should be permitted to determine those matters on an ad hoc case by case basis." *Herrera*, slip op., at 16 (emphasis in original).

   Likewise, I suggest that it is a violation of the separation of powers doctrine for the Judiciary Branch to determine the exercise of its appellate jurisdiction or not on an "ad hoc case by case basis," for that is a role delegated to Congress, not the court by U.S. Const., Art. III, § 1. *See Herrera*, slip op., at 16.

The Honorable Hilda G. Tagle,
U.S. District Court
   for the Southern District of Texas,
   Brownsville Division
Page Two
December 2, 2002
- - - - - - - - - - - - - - - - - - - - -


     True and accurate copies of this letter have been delivered to Mark Dowd, Esq., counsel for the U.S. Attorney's Office in Brownsville, Texas.

     I trust this supplemental authority is of service to the Court.

                              Respectfully submitted,

                              Jon Karl Schmid

JKS:
Enclosures: as stated
cc: Mark Dowd, Esq., USDOJ, Brownsville, Texas.

- - - - - - -
* Not Certified by the Texas Board of Specialization; Member, Colorado State Bar, U.S Southern District of Texas, Brownsville Division; Appearance in Texas by leave of court.

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-51177

UNITED STATES OF AMERICA,

                                              **Plaintiff-Appellee,**

versus

ISMAEL HOLGUIN HERRERA,

                                              **Defendant-Appellant.**

**Appeals from the United States District Court
for the Western District of Texas**

November 26, 2002

Before KING, Chief Judge, and JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES, STEWART, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:

    Primarily at issue is the correct standard of review for Ismael Holguin Herrera's sufficiency of the evidence challenge to his 18 U.S.C. § 922(g)(3) conviction (possessing firearms while "unlawful user" of controlled substance). **AFFIRMED**.

I.

    In a multi-count indictment against nine defendants, Herrera was charged in three:  count 1, violation of 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to distribute more than 500 grams of cocaine); count 14, violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and

846 (possession with intent to distribute more than 500 grams of cocaine); and count 16, violation of 18 U.S.C. § 922(g)(3) (*on or about 9 December 1999*, possession of firearms while being unlawful user of, and addicted to, controlled substance). A jury convicted Herrera on each count.

Herrera appealed, claiming insufficient evidence for each conviction; a divided panel of our court affirmed two (counts 1 and 14) but reversed on count 16. **United States v. Herrera**, 289 F.3d 311 (5th Cir.), *vacated pending en banc review*, 300 F.3d 530 (5th Cir. 2002) (en banc). United States District Judge Adrian Duplantier, sitting by designation, dissented from the reversal. 289 F.3d at 325.

Rehearing en banc was granted, limited to the reversed § 922(g)(3) conviction. **Herrera**, 300 F.3d 530.

## II.

The only issue before our en banc court is the sufficiency of the evidence for Herrera's conviction for possessing firearms on or about 9 December 1999, while being an "unlawful user" of a controlled substance, in violation of § 922(g)(3). The controlling question is the applicable standard of review, because Herrera failed in district court to move for judgment of acquittal (JA) on the issue at hand.

Herrera moved for a FED. R. CRIM. P. 29 JA after the Government presented its case in chief. For the § 922(g)(3) count at issue,

2

Second Amendment. Likewise, to have a narrowly tailored restriction on Second Amendment rights, Congress must specify the frequency of use of a controlled substance and the time period during which such a use will be deemed to have a continuing effect on an individual. Otherwise, the term "user" is so open-ended that the ordinary citizen cannot know when his conduct in using a controlled substance may result in forfeiture of his rights under the Second Amendment. The government recognizes these inadequacies when it concedes in its en banc brief that in order for a defendant to be an "unlawful user," his "drug use would have to be with regularity and over an extended period of time;" and further stipulated at en banc oral argument "we certainly wouldn't charge one time use, it would have to be over a period of time." But, under our constitutional concepts of separation of powers, **only Congress** can define what constitutes "regular use" and what constitutes "an extended period of time"; and neither the prosecutor nor the jury should be permitted to determine those matters on an ad hoc case by case basis.

Now, some final comments about the statutory interpretation task which we face in this case. The exact text of the statute designated as 18 U.S.C. § 922(g)(3) reads as follows:

> (g) It shall be unlawful for any person--
> . . . .
> (3) who is an unlawful user of or
> addicted to any controlled substance
> (as defined in section 102 of the

16