United States District Court
Southern District of Texas
FILED

DEC 0 6 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIO TUNCHEZ, )
)
    Applicant )
)
vs. ) Civil No. B-02-CV-98
) (CR B-98-158-02)
UNITED STATES OF AMERICA, )
)
    Respondent )

**APPLICANT'S MOTION FOR RECONSIDERATION
OF REFERRAL ORDER OF DEC. 4, 2002**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Applicant, Mario Tunchez, represented by counsel, and respectfully files this motion for reconsideration with respect to the Order (Docket Doc. No. 18), filed December 4, 2002) referring "for review of Petitioner's Amended Application for Certificate of Appealability" to the Honorable Magistrate Judge and hereby states to this Honorable Court as follows:

I.

THE DEC. 4, 2002 ORDER OF THE DISTRICT COURT
REFERRING REVIEW OF THE AMENDED APPLICATION FOR COA
TO THE MAGISTRATE JUDGE VIOLATES ARTICLE III.

A.

The applicant relies both on *United States v. Johnston*, 258 F.3d 361 (5th Cir. 2001) and on *Northern Pipeline v. Marathon Pipe Line*, 458 U.S. 50 (1982). *Johnston* holds by a two to one majority that even the consensual delegation to a

magistrate judge of § 2255 motions is unconstitutional. Its rationale, roughly, is that no Article I judge should have the authority to set aside the judgment entered by an Article III judge.

Admittedly, the Honorable Magistrate Judge Felix Recio, Jr., is preeminently qualified as an individual to review such pleading; however, it is respectfully submitted on the authority of *Johnston* that acting in his official capacity as an Article I Magistrate Judge, he ought not to exercise any judicial muscle in this habeas exercise in which only Article III judges are in constitutional condition to contend. *Johnston* is applicable to the facts of this matter, for if the consensual delegation of § 2255 motions is unconstitutional, likewise the consideration of the Application for COA by a magistrate judge is unconstitutional. *See Johnston, supra.*

B.

*Northern Pipeline v. Marathon Pipe Line*, 458 U.S. 50 (1982) also suggests that the Court's Order of referral (Docket Doc. No. 18), filed December 4, 2002) to the Honorable Magistrate Judge "for review of Petitioner's Amended Application for Certificate of Appealability" violates Article III. *Northern Pipeline* requires no exhaustive explanation, for it is a landmark case. It holding is that Article III bars Congress from establishing legislative courts to exercise jurisdiction over all matters arising under the bankruptcy laws under its Art. I powers.

The reasoning of *Northern Pipeline* was that there is no doubt that bankruptcy judges created by the former Bankruptcy Act are not Art. III judges. The Court reasoned that the judicial power of the United States must be exercised by judges who have the attributes of life tenure and protection against salary diminution specified by Art. III. It noted that these attributes were incorporated into the Constitution to ensure the independence of the Judiciary from the control of the Executive and Legislative Branches. The Court in *Northern Pipeline* therefore concluded that 28 U.S.C. § 1471's broad grant of jurisdiction to bankruptcy judges violated Art. III.

As applied to the Order in question issued on Dec., 4, 2002, *Northern Pipeline* urges the conclusion that only an Article III judge clothed with the presidential appointment of life-time tenure has the authority to consider an Application for Certificate of Appealability ("COA"). It is therefore respectfully suggested that this Honorable Court reconsider its Order of Dec. 4, 2002 (Docket Doc. No. 18).

II.

ANY CONSIDERATION, REVIEW, OR RECOMMENDATION BY THE HONORABLE MAGISTRATE JUDGE VIOLATES THE PLAIN STATUTORY LANGUAGE OF 28 U.S.C. § 2253.

A. 28 U.S.C. § 2253

The magistrate judge has no authority to issue any report and recommendation. *See* 28 U.S.C. § 2253. Such procedure violates the express statutory language of 28 U.S.C. § 2253. Specifically, the Congressional scheme of

appellate review for federal prisoners whose § 2255 motions have been denied does not either envision or require review by a magistrate judge. Appeal from the denial of a COA is governed by 28 U.S.C. § 2253, subject to the U.S. Constitution.[1] Therefore, it appears that any order referring an application for any COA to any magistrate judge would violate the language of 28 U.S.C. § 2253.

In sum, the plain language authorizes only a circuit justice or judge to review an application for COA. *See* 28 U.S.C. § 2253(c)(1). Neither review, report nor recommendation by a magistrate is anywhere authorized. *Id.* Thus, applicant suggests that the Order of Dec., 4, 2002 (Docket Doc. No. 18), referring the Amended Application for Certificate of Appealability for review to the Honorable Magistrate Judge be reconsidered.

### III.
### CONCLUSION

WHEREFORE, premises considered, the applicant respectfully requests this Honorable Court to reconsider its Order of referral (Docket Doc. No. 18; Dec. 4, 2002) for referral for review of the Applicant's Amended Application for COA to the Honorable Magistrate Judge.

Respectfully submitted,

Jon Karl Schmid

---

[1] Note that in setting forth this statutory argument the applicant is expressly hereby reserving and reasserting his novel but valid challenge --- a question of first impression for this or any other District Court --- to § 2253's requirement of a COA for a federal prisoner on the two-pronged separation of powers challenge as identified in his Amended Application for COA (Docket Doc. No. 16; filed November 29, 2002).

Attorney at Law
1201 E. Van Buren
P. O. Box 350
Brownsville, Texas 78522-0350
(956) 542-7441
Attorney for Applicant
Southern Dist. Tx. Bar #21303
Colorado State Bar #015224

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has consulted by telephone this day with Mark Dowd, Esq., with respect to the issues raised by this foregoing motion and as counsel for the Government, Mr. Dowd opposes said motion; and, further, that a true and accurate photocopy of the foregoing Motion for Reconsideration of the Referral Order (Docket Doc. No. 18; Dec. 4, 2002) to the Magistrate Judge has been hand-delivered to the following counsel of record for the respondent, addressed as follows:

Mark Dowd, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
  for the Southern District of Texas,
  Brownsville Division
Garza-Vela Court House
600 E. Harrison St.
Brownsville, Texas 78521

Dated at Brownsville, Texas this 5th day of December, 2002.

*[signature]*