IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
MAY 3 0 2003
Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARIO TUNCHEZ, | § |
|     MOVANT-DEFENDANT, | § |
| VS, | §   CIVIL ACTION # B-02-098 |
| UNITED STATES OF AMERICA, | §   CRIM. ACTION # B-98-CR-158 |
|     RESPONDENT-PLAINTIFF. | § |

DEFENDANT'S NOTICE OF CONFLICT OF INTEREST

COMES NOW movant-defendant Mario Tunchez with his pro se notice to the Court of potential conflict of interest; movant will show this Honorable Court as follows:

I

From the beguining of the civil proceeding pursuant to 28 USC §2255, movant informed CJA Counsel to move for "recusal" of current Magistrate Judge Felix Recio. Defense Counsel did not only rebuffed defendant's request but allowed throughout the whole proceeding for Magistrate Judge Felix Recio to preside on the written Report & Recommendation.

II

Felix Recio, a former Federal Public Defenders, Court Appointed to potential Government witness Danny Lin Maccune whom did not only participated on the jury selection but opted to testify against petitioner during trial while represented by former AFPD Mr. Felix Recio, current Magistrate Judge presiding.

-1-

III

Movant-defendant asserts conflict of interest combined with ineffective assistance of counsel during §2255 for failure to move to inform the Court of possible conflict or recusal of Mr. Felix Recio, current Magistrate Judge.

IV

Magistrate Judge Mr. Felix Recio on July 30, 2002 heard movant's case and recommended dismissal. Immediately when movant saw Mr. Felix Recio's signature, movant notified his lawyer and directed him to move for recusal of Magistrate Judge Felix Recio. Mr. Felix Recio participated on the case at least as reflected on records on March 12, 1998; March 18, 1998 and April 27, 1998 and now has presided on movant's §2255.

RELIEF REQUESTED

Movant-defendant hereby careful and respectfully prays for recusal of Magistrate Judge Felix Recio and moves to strike the first and second report and recommendation and to allow the defendant to start anew on his §2255.

RESPECTFULLY PRESENTED this 12th. day of May 2003 pursuant to the prison legal mail procedures set forth under Houston v Lack, 487 U.S. 266 (1988) and on this day I declare to have served the Clerk of the Court with an original and two copies.

CERTIFICATE OF SERVICE

I, Mario Tunchez hereby declare to have served below listed parties:

> U.S. Department of Justice
> AUSA Mark T. Shelby
> 600 E. Harrison, # 201
> Brownsville, Texas 78520
>
> Law Offices of;
> Jon Karl Shmid
> Attorney at Law
> P.O. Box 350
> Brownsville, Texas 78522-0350

EXECUTED this 12th. day of May 2003

>       Mario Tunchez      pro-se
>       Reg. No. 77910-079
>       United States Penitentiary
>       P.O. Box 26030 B/B Unit
>       Beaumont, Texas 77720-6030

c.c. files
AUSA
Attny Shmid
Felix Recio

-3-

July 25, 2002

Mr. Schmid:

Enclosed please find the issues that I would like for you to present in a Supplemental Motion. Combined, the issues can present a great claim of ineffective assistance of counsel.

Mr. Schmid, I do not have the time to really research the issues with up to date case-law. I have only provided an outline as to what needs to be brought up in the supplemental motion. Please develope the issues and submit to the court.

Thank you for your attention given, and for your opinion on the foregoing. What little research I did do on the issues, I sincerely believe that it will help with our 2255 motion.

I hope to hear from you soon.

Sincerely,

Mario Tunchez

Mr. Schmid, please understand my concern over our §2255 motion. I only have this first §2255. After this one, it will be impossible to go back in with another 2255. We must bring out every little bit that counts, and I sincerely believe that the foregoing does contain merits that I have faith in. Combined, it all adds up to a good issue of ineffective assistance of counsel. The good part of it, is that its all a matter of record. I am not just popping things up, we have the support of it through records.
**Please**, file this supplemental motion for me. This is really our last chance, my last chance of getting this long sentence out off, a sentence that I just might out-live.... We must go with our 2255 smoking. Please do not feel that I am not confident with your issue raised. I know that its a good issue, but we cannot leave out the foregoing because combined, it really does show more of his ineffectiveness.

**Thank you . . . .**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIO TUNCHEZ,

    Petitioner,

v.                            CAUSE NO. B-02-098

UNITED STATES OF AMERICA,

    Respondent.

## MOTION FOR LEAVE TO SUPPLEMENT SECTION 2255 MOTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Mario Tunchez, the Petitioner herein acting in pro se, and submits this his motion for leave to supplement his 2255 motion, and in support thereof would show the Court as follow:

I.

Pursuant to Fed. R. Civ. P. 15(d), this Petitioner can move before the Court for leave to supplement at any time before the Court renders its decision on Petitioner's §2255 motion. This is a type of motion that can be allowable before the Respondent files its response, or before the Court renders its decision. Petitioner urges the Court to apply the standards rendered to a pro se litigant.

1.

## II.

Petitioner's supplemental motion contains issues that are of a Sixth Amendment claim, and which entitles him to the relief it raises in the foregoing.

### CONCLUSION

**WHEREFORE,** Petitioner prays the Court grants him leave to supplement his §2255 motion, for the supplemental claims are of a constitutional magnitude.

Respectfully submitted,

Mario Tunchez
Reg. No. 77910-079
United States Penitentiary
P.O. box 26030
Beaumont, Texas 77720

2.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIO TUNCHEZ,
    Petitioner,

v.                        CAUSE NO. B-02-098

UNITED STATES OF AMERICA,
    Respondent.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### TO SUPPLEMENT §2255 MOTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW** Mario Tunchez, the Petitioner herein acting in pro se, and submits his memorandum of law in support of his motion to supplement his §2255 motion, and in support thereof would show the Court as follow:

### I.
### SIXTH AMENDMENT/CONFLICT

    This Sixth Amendment Conflict can be considered as a claim of **first expression** as Petitioner cannot find any case-law that have dealt with such a claim, or directly with such a claim. Petitioner will explain his claim as plainly as his ability permits.

    Petitioner has a constitutional right to the Sixth Amendment to select a Jury of His Peers. His co-defendant assisted in the jury selection, and then turned around to testify against Petitioner at trial. Therefore, Petitioner's right to a selection of a

1.

Jury of His Peers was was violated when the Court allowed him to proceed to trial with a jury that was not selected by him, and his attorney provided ineffective assistance of counsel when he failed to move for a mistrial based on same.

The attorney should have moved for a mistrial, based also on the fact that the attorney, court appointed, was the same counsel representing his co-defendant, that assisted in the jury selection and which had, along with Petitioner's counsel, planned their strategy for the trial. After jury selection, co-defendant's counsel counseled him on how to testify, and knowing the manner in which Petitioner's counsel would attempt to assist in the Petitioner's defense, co-defendant's counsel counseled him well in his testimony because he had all the inside information that would assist his client for a small prison sentence.

Petitioner has not been able to come up with a case that can be directly in point with Petitioner's claim. Although the case of **United States v. Swarth**, 975 F.2d 370 (4th Cir. 1991) can be used as an analogy. In that case, the court stated: "Trial counsel and co-defendant advanced legal argument that benefitted co-defendant to defendant's detriment." In Petitioner's case co-defendant's counsel already knew what Petitioner's defense would be.

Petitioner is a layman at law, and argues the Court to liberally construe this argument as should be properly raised. There existed a Sixth Amendment Conflict, and counsel should have moved for a mistrial, select a Jury of His Peers, and move for the court

2.

to appoint new counsel for his co-defendant. A new counsel that would not have inside knowledge of Petitioner's defense.

## II.

Counsel provided ineffective assistance of counsel when he failed to move for the sentencing judge to disqualify herself in the sentencing phase. See **Jemison v. Foltz**, 672 F. Supp. 1002 (E. D. Mich. 1987), where in finding that counsel had provided ineffective assistance of counsel when counsel failed to move for disqualfying sentencing judge because said judge was fully aware of defendant's long criminal record. In this instance case the judge that imposed sentence on Petitioner had previously imposed sentence on a state offense. See Sentencing Transcript, page 3, lns 20-25, where the Judge stated: " All right. This is kind of an unusual case for me, in that in reviewing the PSI, I noticed that, sir, you've been before me in the past when I was a judge in Nueces County. And interested enough, you also had a felony conviction in front of one of my colleagues with whom I'm going to be having dinner tonight. I mentioned that only because it's a small world, as it turns out."

Petitioner's counsel filed some objections to the PSI, one was the enhancement of two (2) points for an alleged Obstruction Of Justice, an alleged threatening against co-defendant MacCune.

The judge, upon sentencing stated: "All right. Then, if you're not contesting it, I'll sustain the objections. Now what? Is there anything else, Mr. Salazar?" If the judge sustained the said

3.

objections, then his Offense Level should have been 36, and not 38. See Judgment and Committment Order, page 6 of 8. It reflects an Offense Level of 38, and a Criminal History Category of VI. It also reflects that the sentencing judge was still prejudiced against Petitioner for having stood in front of her in the past on another offense and conviction. The objections filed based on the PSI were sustained, but the sentence was still under Offense Level 38, Criminal History Category VI, with a sentencing guideline of 360-Life. The Petitioner sentence under Offense Level 36 with Category VI, would in the guideline range of 324-405. Since the Judge imposed sentence on the lower-end of the sentencing range, it stands to reason that upon resentencing under Offense Level 36, the Judge would, again, impose sentence at the lower-end, 324 months.

### III.

Counsel mailed the PSI to Petitioner. He did not discussed it with Petitioner. Instead, he wrote a letter to him with the enclosed PSI advising him to inform him, counsel, about any objections or questions about the PSI. See attached hereto a copy of the letter dated July 1, 1998.

Counsel provided ineffective assistance of counsel in not discussing the contents of the PSI in person with Petitioner, and advising him on what to object to. No, he left Petitioner on his own. Petitioner bearly understands the English language, he could not understand the contents of the PSI, moreless what to object to. In the case of **Jemison v. Foltz**, supra, the court stated:

4.

"The Court finds that the shocking action and inaction of defense counsel in this case clearly constitutes ineffective assistance of counsel under Stirckland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." This Court should find the action and inaction of said counsel in violation of his Sixth Amendment.

### IV.

Counsel also provided ineffective assistance of counsel when he opened the door to Petitioner's prior convictions when he was cross-examing the co-defendant. See Trail Transcript, page 138, 139, and 140. Where he is asking co-defendant if he knew that Petitioner was in the Texas Department of Corrections, during the period that co-defendant was claiming that Petitioner was in the state of Michigan. He not only opened the door into Petitioner's criminal past, but also prejudiced the jury against him. Counsel provided ineffective assistance of counsel. See **Strickland v. Washington**, supra.

### V.

Petitioner's counsel refused to allow him to exercise his Sixth Amendment right to testified. Petitioner advised his counsel that he wanted to testified because his co-defendant was lying, and through his testimony he could show just much his co-defendant was lying. Counsel adivsed him that if he took the stand

5.

to testify that the prosecutor would then be allowed to bring out Petitioner's past criminal record, and that it would only hurt him before the jury. However, counsel for Petitioner, himself, opened the door to Petitioner's criminal past. See Trial Transcript, page 138, 139, and 140, where he is asking co-defendant if he knew that Petitioner was in the Texas Department of Corrections, during a period that co-defendant was claiming that Petitioner was in the state of Michigan. Counsel did not only opened the door for the prosecutor to bring out Petitioner's criminal past, but, also violated Petitioner's Sixth Amendment right to testify on his own behalf. See **Nichols v. Butler, 953 F.2d 1550 (11th Cir. 1992 (en banc).** In this aspect, counsel was ineffective. Compounded with all the errors committed by said counsel, it cannot be denied that he provided ineffective assistance of counsel, which prejudiced the outcome of the jury trial, and sentencing.

## CONCLUSION

**WHEREFORE,** Premises considered, Petitioner prays the Court grant his motion for leave to supplement his §2255 motion; grant the relief that he seeks; and, any other relief that the Court deems just and proper in conformance to the relif sought.

Respectfully submitted,

_/s/ Mario Tunchez_
Mario Tunchez

6.

# BALTAZAR SALAZAR

ATTORNEY AT LAW

1010 LAMAR, SUITE 1550
HOUSTON, TEXAS 77002-6315

TELEPHONE
(713) 655-1300

FACSIMILE
(713) 655-132(

Mario Tunchez #98529 (D-2)
1511 E. Toledo
Beeville, Texas 78102

July 1, 1998

Dear Mario,

    I have enclosed the Pre-sentence Investigation Report for your review. Please read the document and call or write back with any objections or questions which you want me to address. I will file our objections to this report within the next ten days and would like to have your imput before I complete the objections. I will mail you a copy of our objections as soon as they are ready. Remember that sentencing is set for July 22, 1998 at 8:30 a.m.

    Call collect if you have any questions.

Sincerely,

Baltazar Salazar

enclosure:
PSIR, U.S. vs Mario Trevino Tunchez, B-98-00158-002