IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41315
USDC Nos. B-02-CV-98
B-98-CR-158-2

U.S. COURT OF APPEALS
FILED
AUG 5 2003
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

MARIO TREVINO TUNCHEZ,

                    Defendant-Appellant.

----------------------

Appeal from the United States District Court
for the Southern District of Texas

----------------------

O R D E R:

    Mario Trevino Tunchez, federal prisoner #77910-079, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion, which challenged his convictions for conspiracy to possess and possession with the intent to distribute marijuana and cocaine. The district court found that the jury bias claim raised by Tunchez's 28 U.S.C. § 2255 motion was procedurally barred because it had been previously raised on direct appeal and in his petition for a writ of certiorari to the United States Supreme Court.

    To obtain a COA, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

O R D E R
No. 02-41315
-2-

When the district court denies federal habeas relief on procedural grounds without reaching the constitutional claims, the court should issue a COA if the prisoner shows that jurists of reason would find it debatable whether the application states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Tunchez argues that the district court erred in denying his 28 U.S.C. § 2255 motion because it incorrectly applied the law of the case doctrine to his 28 U.S.C. § 2255 motion, it failed to consider his request for discovery via a jury questionnaire, and it failed to hold an evidentiary hearing with respect to the issue of actual or implied jury bias. He also argues that the Antiterrorism and Effective Death Penalty Act's (AEDPA) COA requirement and the referral of a 28 U.S.C. § 2255 motion to a magistrate judge for proposed findings and recommendations violate the separation of powers doctrine. Tunchez has filed a FED. R. APP. P. 28(j) letter, arguing that his COA motion is supported by the recent Supreme Court case Massaro v. United States, 123 S. Ct. 1690, 2003 WL 1916677 (U.S. Apr. 23, 2003).

As Tunchez has not made the required showing to obtain a COA, his COA motion is DENIED. See 28 U.S.C. § 2253(c)(2); Slack, 529 U.S. at 484.

A true copy
Test:
Clerk, U.S. Court of Appeals, Fifth Circuit
By_____
         Deputy
New Orleans, Louisiana   AUG 5 2003

CARL E. STEWART
UNITED STATES CIRCUIT JUDGE